[App. No. 21, September Term, 1964.]

*Decided July 31, 1964.*

Before BRUNE, C. J., and HENDERSON, HAMMOND, PRES-COTT, HORNEY, MARBURY and SYBERT, JJ.

## JACKSON v. WARDEN OF THE MARYLAND
## PENITENTIARY

[App. No. 26, September Term, 1964.]

*Decided July 31, 1964.*

690

Before BRUNE, C. J., and HENDERSON, HAMMOND, PRES-
COTT, HORNEY, MARBURY and SYBERT, JJ.

PER CURIAM.

Application for leave to appeal from a denial of post con-
viction relief is denied for the reasons set out in the opinion
of Judge Carter in the court below. The applicant is no stranger
to this Court. *Jackson v. State,* 223 Md. 105; *Jackson v. War-
den,* 227 Md. 637. The only point that possibly could not rea-
sonably have been raised in the first post conviction proceed-
ing before Chief Judge Niles, is his present claim that his ar-
rest was illegal, disposed of by Chief Judge Niles on the ground
that it could not be raised in a post conviction proceeding. If
we assume, without deciding, that such a contention may be
raised under some circumstances (as where it is relied on in
connection with a search and seizure, *Boston v. Warden,* 233
Md. 623), it could not aid the petitioner here. We have re-
peatedly held that the mere fact of an illegal arrest is not a
ground for relief. *Slater v. Warden,* 233 Md. 609, 611, and cases
cited; *Ledbetter v. Warden,* 234 Md. 643, 200 A. 2d 81; *Simms
v. Warden,* 234 Md. 652, 200 A. 2d 149. Petitioner here re-
stricts his contention to the narrow point that his arrest with-
out a warrant was illegal as the "misdemeanor" was not com-
mitted in the presence of the arresting officer. No attendant
illegal search and seizure is alleged.

*Application denied.*