## MATTHEWS *v.* STATE

[No. 141, September Term, 1964.]

*Decided February 3, 1965.*

The cause was argued before HAMMOND, HORNEY, MARBURY and BARNES, JJ., and DIGGES, J., Chief Judge of the Seventh Judicial Circuit, specially assigned.

*Tucker R. Dearing* for the appellant.

*David T. Mason, Assistant Attorney General,* with whom were *Thomas B. Finan, Attorney General, Charles E. Moylan, Jr., State's Attorney for Baltimore City,* and *Lucy Ann Garvey, Assistant State's Attorney,* on the brief, for the appellee.

386

DIGGES, J., by special assignment, delivered the opinion of the Court.

The defendant-appellant Matthews was convicted by Judge Grady sitting without a jury under three separate indictments, two of petty larceny and one of grand larceny. On appeal Matthews argues that his motion for judgment of acquittal should have been granted because (i) his arrest was illegal; (ii) there was no legally sufficient evidence to support a finding of guilt; and (iii) additional contentions are submitted pro se.

The testimony shows that at about 10:00 a.m. on January 3, 1964, Martin Carrington, an employee of the Baltimore Housing Authority, was "staked out" or took a position in an apartment where he could observe through louvers in the door the mail boxes in the lobby of the apartment building located in a public housing project at 26 South Exeter Street, Baltimore. While Mr. Carrington had the mailboxes under surveillance he observed appellant Matthews and a codefendant, Solomon, enter the apartment building lobby by way of its Watson Street entrance, cross the lobby to the Lombard Street entrance, and look out. Matthews continued to look out the Lombard Street entrance while Solomon went to the locked mailboxes and using an instrument forced one of them open. The contents of the box were taken out and both men then hurriedly left the lobby by way of the Watson Street entrance. Mr. Carrington, after observing that mailbox 8-H had been forced open, followed Matthews and Solomon until he met police officer Cordwell and informed him of his observations concerning the two men and the broken mailbox.

Upon the police officer approaching the two men, Solomon, who had a screwdriver in his hand, ran. After arresting the appellant and placing him in the custody of Mr. Carrington the officer pursued Solomon. During the chase the officer observed Solomon throw some brown envelopes under a parked automobile. These envelopes were recovered and found to contain United States Treasury Social Security checks in the amounts of $103.00 and $51.50 payable to Walter L. Hall and Clara M. Hall, respectively, residents of an apartment located at 127 South Exeter Street, and whose mailbox 9-K had been forcibly

opened. Another envelope recovered contained a United States Treasury Social Security check in the amount of $68.30 payable to William Blumberg which had been taken from his mailbox 8-H located in the lobby of the apartment house at 26 South Exeter Street.

Both appellant and Solomon denied to the police any knowledge of or their involvement in the larceny of these checks.

### (i) The Arrest

Relying on the contention that his arrest was illegal because neither was a misdemeanor committed in the presence of the police officer, nor were there reasonable grounds for the police officer to suspect a felony had been committed by him (*Mason v. Wrightson,* 205 Md. 481, 486, 109 A. 2d 128), appellant argues that his motion for a directed verdict of acquittal should have been granted.

The simple answer to this result contended for is that the sole fact that an arrest may have been unlawful does not affect the jurisdiction of the court, is not a ground for quashing the indictment and does not preclude trial and conviction for the offense. *Jackson v. Warden,* 235 Md. 689, 690, 202 A. 2d 757; *Ledbetter v. Warden,* 234 Md. 643, 644, 645, 200 A. 2d 81; *Piles v. State,* 233 Md. 487, 489, 197 A. 2d 238; *Oden v. State,* 222 Md. 325, 328, 159 A. 2d 867; *Wright v. State,* 222 Md. 242, 245, 159 A. 2d 636.

Appellant made no incriminating statement and the only tangible property offered or received in evidence was not taken from appellant and was not obtained as a result of his arrest. The sole tangible evidence received was the three brown envelopes containing the three United States Treasury checks recovered from under the automobile not owned by either Matthews or Solomon parked on a public street after the officer observed the envelopes being thrown there and abandoned by Solomon during the chase.

Even assuming the checks while physically in the possession of Solomon were constructively in the possession of Matthews, there was no seizure of them from either appellant or codefendant Solomon. This is so because in a very real sense the checks were thrown away and therefore abandoned. There is

nothing unlawful in the police officer's retrieving abandoned property and the State's making use of this abandoned property at the trial. *Abel v. United States,* 362 U. S. 217, 241 (1960), *Hester v. United States,* 265 U. S. 57, 58 (1924).

Therefore, assuming an illegal arrest, this fact can give appellant neither comfort nor aid in his contention, since there were no fruits of the arrest, obtained from appellant used at his trial. The use of such evidence at the trial is a prerequisite to a complaint successfully attacking a conviction resulting from a prosecution initiated by an illegal arrest. *Carter and Gray v. State,* 236 Md. 450, 455, 204 A. 2d 322; *Jackson v. Warden, supra; Curry v. State,* 235 Md. 378, 381, 201 A. 2d 792; *Young v. Warden,* 233 Md. 596, 601, 195 A. 2d 713; *Piles v. State, supra.*

(ii) Sufficiency of the Evidence

(a) The Blumberg Theft:

Appellant contends that under the evidence produced the State failed in its efforts to show that he was an accomplice to the criminal acts of Solomon but at most there was only a showing that he had knowledge of the commission of the crime.

It is true that "to be an accomplice a person must participate in the commission of a crime knowingly, voluntarily, and with common criminal intent with the principal offender, or must in some way advocate or encourage the commission of the crime." *Watson v. State,* 208 Md. 210, 219, 117 A. 2d 549. See also *Anello v. State,* 201 Md. 164, 168, 93 A. 2d 71.

Mr. Carrington's testimony that Matthews and Solomon entered the apartment lobby together, and, with Matthews acting as "lookout" to prevent detection, Solomon broke the mail box, removed the check and together they walked rapidly out of the apartment lobby was clearly sufficient to permit a determination beyond a reasonable doubt that Matthews participated in the larceny from the mail boxes to an extent necessary to meet this test required by *Watson v. State, supra.* Appellant's motion for judgment of acquittal based on lack of sufficient evidence was properly denied.

(b) The Hall Thefts:

Assuming that the evidence would justify an inference that

there had been thefts of property from mail box 9-K belonging to Walter and Clara Hall (though we express no opinion as to whether the looting of a single mail box containing the separate property of two individuals constitutes one or two criminal offenses) the record is nonetheless devoid of any facts linking this appellant with those thefts. The only testimony shedding any light on when the Hall checks were taken is that of Mr. Hall when he testified that his Social Security checks usually arrived in his mail box "anywhere between the 1st and 3rd" of each month. But there is no evidence that Matthews was in the company of the codefendant Solomon (who was found to have the Hall checks in his possession on the morning of January 3rd) prior to his being observed by the witness Carrington when the Blumberg theft took place at 26 South Exeter Street. In fact, there is no evidence that they even knew each other prior to that time; nor that Matthews was in the vicinity of the apartment building where the Hall mail box was located at any time when the thefts of the Hall checks could have taken place. Guilt inferred only from the fact of the unexplained possession of recently stolen goods— *Stapf v. State,* 230 Md. 106, 108, 185 A. 2d 496; *Byrd v. State,* 229 Md. 148, 150, 182 A. 2d 47; *Dyson v. State,* 226 Md. 18, 21, 171 A. 2d 505; *Lewis v. State,* 225 Md. 474, 475, 171 A. 2d 244; *Booker v. State,* 225 Md. 183, 186, 170 A. 2d 203— ordinarily cannot be imputed to a companion of the possessor without other supporting evidence; even though both may be observed committing a similar crime at a different time or place. Appellant's motions for judgment of acquittal on the grounds that there was no legally sufficient evidence to sustain the two convictions should have been granted.

### (iii) Pro Se Contentions of Appellant

Appellant—not by his counsel—presents the following additional arguments as to why the judgments should be reversed: (a) Appellant was not represented by counsel at the preliminary hearing or at the arraignment; (b) Contradictory statements were made by two state witnesses while testifying; (c) Evidence was suppressed by the State.

(a) Appellant says he did not have counsel at the prelimi-

nary hearing. The record is silent on this point, and the question was not raised in the trial court. Maryland Rule 885. Ordinarily under the Maryland practice this is not a crucial stage of the prosecution requiring the advice of counsel when pleas of not guilty are entered and no incriminating statements are made or used at the subsequent trial of the case. Thus, on the record before us, this allegation would appear to fall within the pattern of *Arrington v. Warden*, 232 Md. 672, 195 A. 2d 38. Appellant's complaint that he did not have counsel at the time of arraignment is not supported by the record, which plainly shows that his counsel who had previously been appointed was present and answered for the appellant when he first pleaded to the indictment.

(b) Appellant next contends that contradictory estimates of the distance between the appellant and two witnesses at the time he was first observed by the police officer were made during the trial by the police officer and Mr. Carrington. Under our procedure the trier of the facts determines which of two contradictory statements of witnesses was to be believed, if it became necessary to accurately determine this apparently trivial detail as to distance.

(c) Lastly, appellant says that since there was another witness on the scene when he and Solomon were apprehended by the police officer, this witness should have been called to testify. The State's Attorney is not required to call all possible witnesses having some relevant knowledge about the occurrence, and the existence of this witness was well known to appellant. In any event the question was not raised in the trial court. Maryland Rule 885.

> *Judgments under Indictment No. 1 charging grand larceny of Walter Hall check, and under Indictment No. 2 charging petty larceny of Clara Hall check reversed and new trial ordered.*

> *Judgment under Indictment No. 3 charging petty larceny of Blumberg check affirmed.*