## POINTER *v.* STATE

[No. 202, September Term, 1964.]

*Decided March 5, 1965.*

The cause was argued before PRESCOTT, C. J., and HAMMOND, MARBURY, SYBERT and BARNES, JJ.

*James G. Beach, Jr.* for appellant.

*Eli Baer, Special Assistant Attorney General,* with whom were *Thomas B. Finan, Attorney General, Charles E. Moylan, Jr.,* and *Robert V. Lazzaro, State's Attorney* and *Assistant State's Attorney,* respectively, *for Baltimore City* on the brief, for appellee.

SYBERT, J., delivered the opinion of the Court.

The appellant, Samuel L. Pointer, was convicted under a six count indictment of breaking a storehouse and stealing therefrom goods of the value of five dollars or more (third count), of being a rogue and vagabond (fourth count), and of the larceny of ten cases of cigarettes (fifth count), by the Criminal Court of Baltimore, sitting without a jury. A motion for a new trial in regard to the breaking and stealing count was granted

by the Supreme Bench of Baltimore City. The appellant was then sentenced under the other two counts to a term of two years (rogue and vagabond) and three and one-half years (larceny) in the House of Correction, to run concurrently.

The appellant did not testify or call any witnesses. The testimony of the two arresting police officers was that at approximately 1:30 A.M. on November 7, 1963, they observed a Buick automobile being driven with a temporary rear license plate and with its rear tag light out. They followed the vehicle and when it accelerated they turned on their flashing red light. While pursuing the vehicle at high speed they noticed several cases of "Salem" cigarettes through the rear window of the vehicle. They pursued the auto into a junkyard where, before it completely stopped, they observed three persons (whom they could not see clearly because of the darkness) run from the car into the yard. While searching the yard one officer found the appellant "crouched down" and "hiding" behind a wrecked car about 30 feet from where the chased vehicle had stopped. He was described as "very nervous and he seemed to realize he was being pursued", and his breathing indicated he had been running. He said "don't shoot" as the officers approached. He was arrested and ten cases of "Salem" cigarettes were found in the car. The appellant stated to the police that he was in the junkyard to steal radiators and that he had certain tools with him to carry out this intent. No tools were found at the scene, however. He denied any knowledge of the cigarettes and denied having been in the Buick. The police did not learn that the cigarettes had been stolen from a warehouse on South Charles Street, some distance from the junkyard, until later that morning.

The appellant's only contention on this appeal is that the evidence was legally insufficient to support his convictions for larceny and being a rogue and vagabond.

We think there was sufficient evidence to sustain the conviction of larceny. The trial court was not clearly in error in drawing the inference that the appellant had been an occupant of the vehicle in which the cigarettes were found from the fact that he was apprehended while hiding just 30 feet from where the car had stopped, and from the other circumstances mentioned

above. Thus the court was justified in concluding that the appellant was in possession of recently stolen goods. This warranted an inference that the appellant was the thief in the absence of a reasonable explanation of a lawful possession. *Felkner v. State,* 218 Md. 300, 146 A. 2d 424 (1958); *Brooks v. State,* 235 Md. 23, 200 A. 2d 177 (1964). In view of the fact that the court had only the testimony of the police officers before it, we do not believe it was clearly wrong in not holding that the presumption had been rebutted.

However, in regard to the rogue and vagabond count, the evidence was not legally sufficient to support the conviction. Code (1957), Art. 27, sec. 490, provides:

> "If any person [1] shall be apprehended having upon him any picklock, key, crow, jack, bit, or other implement, at places and under circumstances from which an intent may be presumed feloniously to break and enter into any dwelling house, warehouse, storehouse, stable or outhouse, [2] or shall have upon him any pistol, hanger, cutlass, bludgeon, or other offensive weapon, also at places and under circumstances from which may be presumed an intent feloniously to assault any person, [3] or shall be found in or upon any dwelling house, warehouse, storehouse, stable or outhouse, or in any enclosed yard or garden or area belonging to any house, with an intent to steal any goods or chattels, * * * shall be deemed a rogue and vagabond * * *." (Numbering supplied.)

Parts [1] and [2] of the statute are inapplicable here, since the appellant did not have any "implement" or "offensive weapon" "upon him" when apprehended. The mere admission by the appellant to the police that he had had "tools" (which they could not find) with him to steal radiators was not sufficient proof of the *corpus delicti. Bradbury v. State,* 233 Md. 421, 197 A. 2d 126 (1964). The evidence was also insufficient to support a conviction under part [3], since a junkyard is not a "dwelling house, warehouse, storehouse, stable or outhouse" and since the evidence showed that the yard was not enclosed at all but rather was "completely open", and since there was

no evidence that there was any building on the premises. There-fore, since the material elements of the crime were not proved, we must hold that the appellant was erroneously convicted of being a rogue and vagabond. Cf. *McCray v. State,* 236 Md. 9, 202 A. 2d 320 (1964) ; *Bergen v. State,* 234 Md. 394, 199 A. 2d 381 (1964).

> *Judgment and sentence under fourth count of indictment reversed, without a new trial; judgment and sentence under fifth count affirmed.*