FRANKLIN ROOSEVELT DARBY *v.* STATE OF MARYLAND

[No. 103, September Term, 1967.]

384

*Decided March 18, 1968.*

The cause was argued before MURPHY, C. J., and ANDERSON, MORTON, ORTH, and THOMPSON, JJ.

*Howard B. Gersh,* with whom was *Feldman & Gersh* on the brief, for appellant.

*Anthony M. Carey, Assistant Attorney General,* with whom were *Francis B. Burch, Attorney General,* and *Charles E. Moylan, Jr., State's Attorney for Baltimore City,* on the brief, for appellee.

PER CURIAM.

The Appellant, Franklin Roosevelt Darby, was convicted of receiving stolen goods by Judge Albert L. Sklar, sitting without a jury in the Criminal Court of Baltimore, and sentenced to five years in the Maryland House of Correction.

The record indicates that on December 18, 1966, goods, including shoes, pocketbooks and an ivory colored radio valued collectively at approximately $700 were stolen from the Ideal Shoe Store located at 3112 West North Avenue in the City of Baltimore. Mrs. Fern Scotland, the operator of a nearby bowling establishment, testified that on the evening in question the Appellant entered the bowling establishment at approximately 8:45 P.M. On one arm he was carrying a number of women's pocketbooks with tags hanging from them, and in the other arm he carried a bag in which were shoe boxes with the Polly Preston brand name on them. Mrs. Scotland knew that the Ideal Shoe Store sold Polly Preston brand shoes. At Mrs. Scotland's request the Appellant left the bowling establishment only to return some ten minutes later carrying a cream-colored radio and a bag in which shoes could be seen. At Mrs. Scotland's request, the Appellant again left her establishment. Mrs. Scotland later informed police officers who were investigating the reported theft that she had seen several colored males, including the Appellant, carrying large numbers of shoes. Shortly thereafter she identified the Appellant from a photograph at the Bureau of Identification.

Four alibi witnesses were produced by the Appellant. The Appellant's girlfriend testified that she had seen the Appellant for about twenty or thirty minutes, beginning at 7:45 P.M. on the evening in question and that from 8:15 P.M. that evening to 3:00 A.M. the following morning he was in her home. The remaining witnesses placed the Appellant in the girlfriend's house from approximately 8:30 or 9:00 P.M. until sometime after 11:00 P.M. that evening.

In this appeal the Appellant contends that the evidence was legally insufficient to support the lower court's finding of guilt.

Since the instant case was tried by the lower court without a jury, this Court may review the case upon both the law and the evidence. However, the judgment of the lower court will not be set aside on the evidence unless clearly erroneous and due regard will be given to the opportunity of the lower court to judge the credibility of the witnesses. Maryland Rule 1086; *Dortch and Garnett v. State,* 1 Md. App. 173; *Bury v. State,* 2 Md. App. 674. Our function on appeal in a non-jury case

386

is not to determine whether, on the evidence, we might have reached a different conclusion, but rather to determine from the evidence, and the proper inferences drawable therefrom, whether it was legally sufficient to warrant the finding of the trial judge that the defendant was guilty beyond a reasonable doubt. *Spencer v. State,* 1 Md. App. 264; *Sadler v. State,* 1 Md. App. 383; *Pachmayr v. State,* 1 Md. App. 270.

It is a familiar principle that the possession of recently stolen goods gives rise to a factual presumption that the possessor is guilty of receiving stolen goods when a showing is made that another person or persons is involved in the theft, and such possession, unexplained, is sufficient to sustain a conviction. *Anglin v. State,* 244 Md. 652, 657; *Jordan v. State,* 219 Md. 36, 49-49; *Scott v. State,* 1 Md. App. 481, 494.

The credibility of the witnesses was for the trial judge to determine. In this case, he clearly disbelieved the alibi witnesses and believed the testimony of Mrs. Scotland. This he had a perfect right to do. *Bury v. State,* 2 Md. App. 674; *Logan v. State,* 1 Md. App. 213.

Under all the circumstances, it is our opinion that there was sufficient evidence to support the judgment of the trial judge that the Appellant was guilty. We cannot say that the judgment was clearly erroneous.

*Judgment affirmed.*