## FRANKLIN D. HALE *v.* STATE OF MARYLAND

[No. 39, September Term, 1968.]

206

*Decided October 2, 1968.*

The cause was submitted to MURPHY, C.J., and ANDERSON, ORTH, and THOMPSON, JJ.

*Robert V. Lazzaro* for appellant.

*Henry J. Frankel, Assistant Attorney General,* with whom were *Francis B. Burch, Attorney General, Charles E. Moylun, Jr., State's Attorney for Baltimore City,* and *I. Elliott Goldberg, Assistant State's Attorney for Baltimore City,* on the brief, for appellee.

PER CURIAM.

The appellant was found guilty at a trial by the court in the Criminal Court of Baltimore of storehouse breaking with intent to steal goods of the value of $100 and upwards and sentenced to imprisonment for a term of 7 years to run concur-

rently with a sentence he was then serving.[1] On appeal from the judgment he contends that the evidence was not sufficient to sustain his conviction and that his arrest was illegal.

The *corpus delicti* of the crime was proved by a stipulation that Louis Patti would testify that he was the owner of the storehouse designated in the indictment; that he closed the storehouse about 9:30 P.M. on 14 September 1967; that all the windows and doors were secured; that the inventory therein was in excess of $100; that he was notified to come to the storehouse later that evening and when he did so found that the front door had been forced open; that a safe of the value of $50, containing $2268 had been taken from the premises; and that the safe and money had been subsequently recovered.

Evidence adduced at the trial showed that Richard Wood, who was in his house about a block from the storehouse, heard a loud noise the evening of 14 September. He went to the door and saw somebody run down the street, get in a white 1959 Chevrolet convertible, double parked directly across from his house, and drive away. A few minutes later he saw the car "parked right at the side door" of the storehouse. The door of the storehouse was ajar and "it was four fellows there, they dropped something into the trunk of the automobile." They were white men. They closed the trunk, two of them left in the automobile, two of them ran down the street. Although it was nighttime, there was "a big light." He called the police relating what he had seen and giving a description of the car. He was not able to identify the men nor did he obtain the license number of the car, but he identified a photograph as that of the car he saw.

---

1. Joseph D. Savalino, Stanley G. Skarzinski and Anthony F. Bona were also indicted with the appellant on 17 October 1967. Savalino and Bona were tried with the appellant. Each was convicted and each was sentenced to imprisonment for a term of 7 years to run concurrently with the sentence he was then serving. Bona noted an appeal but subsequently withdrew it. Recognizance had been taken as to all four of the accused but bail as to Skarzinski was ordered forfeited on 2 January 1968 and a bench warrant issued on 23 January. On 21 March he surrendered in open court. The record before us does not disclose the disposition of his case.

208

Officer Ned K. Schleig received a call about 10:42 P.M. on 14 September and arrived at the scene about 30 seconds thereafter. He talked to Wood, who was familiar with the storehouse, checked the building, observed that a safe usually behind a counter was missing and got a description of the car from Wood and learned from Wood that he saw three white men putting something in the trunk, one got in the passenger side of the car which then drove away and two of the men ran. He had stopped a 1959 white Chevrolet convertible about 8:45 P.M. that evening in the vicinity of the storehouse and noted the license number—EW 9188. At that time Hale was driving the car and Skarzinski and Savalino were passengers. He put a description of the car and the license number on the police radio and at 11:00 P.M. received a call that the car had been stopped. Officer Edmund Lubinski, acting on information he had received on the police radio, stopped a 1959 Chevrolet convertible, license No. EW 9188 about 10:42 P.M. at Boston and Aliceanna Streets, approximately 6 blocks from the storehouse.[2] Skarzinski was operating the car, and Hale was in the right front seat, Bona was in the left rear and Savalino in the right rear. They were arrested and the car was searched. A blank starter pistol, a crowbar, a maul wrapped with masking tape and a safe (later identified by the owner of the storehouse as the one taken from his premises) were found in the car. The safe was opened at the police station and found to contain $2268. The records of the Department of Motor Vehicles showed that the automobile was titled in the name of Franklin Delano Hale.

On appeal Hale raises the question of the legality of his arrest, although he states that the question was not raised below. We see from the record, however, that Hale's attorney made objection to the introduction in evidence of the articles found in the automobile. As the articles seized were properly admissible only if the search by which they were obtained was

---

2. The lower court sustained an objection to a question as to what information was received on the police radio. While it would have been admissible on the issue of probable cause for the arrest, *Viehmeyer v. State*, 3 Md. App. 702, *Darby v. State*, 3 Md. App. 407, that issue had not been raised.

reasonable, and as the search here would be reasonable only if incident to a legal arrest, the question is properly before us. See Md. Rules, 729c; *McCarthy v. State,* 2 Md. App. 400; *Randolph v. State,* 1 Md. App. 441; cf. *Gaudio and Bucci v. State,* 1 Md. App. 455. While it would have been better had the State offered evidence of the information contained in the police lookout on the issue of probable cause for the arrest when objection was made to the admission of the articles seized, we think that the evidence before the court was sufficient for the court to find that the arrest was legal. The police had knowledge that the storehouse had been broken, that a safe usually on the premises was missing, that four white males were seen at the scene of the breaking putting something in the trunk of a 1959 white Chevrolet convertible, and that a car of this description had been seen earlier that evening bearing license tag No. EW 9188. Minutes after a lookout, including the description of the car and the license number, was placed on the police radio network, the car, in which were four white males, was observed about 6 blocks from the scene of the crime by an officer who had received the lookout. He arrested the occupants of the car, one of whom was the appellant. We think that the arresting officer had probable cause to believe that a felony had been committed and that the arrestees committed it. *Robinson v. State,* 4 Md. App. 515. The arrest was therefore legal, the search of the car incident thereto was reasonable and the evidence seized was admissible. *Watts v. State,* 3 Md. App. 454; *Dixon v. State,* 1 Md. App. 623.

The thrust of the appellant's argument in contending that the evidence was not sufficient to sustain the conviction is that there was no evidence specifically identifying him as one of those who broke the storehouse and stole the safe. But possession of the safe, recently stolen from the storehouse, was enough to give rise not only to the inference of fact that the possessor was the thief, but would also support an inference that as the possessor the appellant was a principal in the breaking of the storehouse with an intent to steal the safe. *Reagan v. State,* 2 Md. App. 262, *Boggs v. State,* 228 Md. 168, 172. Under the circumstances here, the trial court could properly find that the safe in the trunk of the car was in the joint possession of the appellant and

the other occupants of the car. This Court was presented with a comparable factual situation in *Bury v. State,* 2 Md. App. 674, certiorari denied, Court of Appeals of Maryland, 30 April 1968. There was evidence that a storehouse had been broken into, that business machines were stolen therefrom, that three persons were seen at the scene of the breaking and that business machines were placed in the trunk of an automobile. As a result of a radio dispatch a police officer stopped an automobile several hours later bearing the same license number as that seen at the scene of the crime. It was operated by a co-defendant and Bury and another co-defendant were passengers. A search of the car, made without objection, disclosed the business machines in the trunk. Bury was convicted of storehouse breaking. We affirmed the judgment, stating the general rule that the occupants of a car are considered jointly in possession of stolen goods found therein, citing *Pointer v. State,* 239 Md. 641,[3] *Carter v. State,* 236 Md. 450, *Shipley v. State,* 243 Md. 262 and *Wright v. State,* 222 Md. 242. In the instant case there was evidence showing that the storehouse had been secure at 9:30 P.M. About an hour later four white males were seen at the storehouse putting something in the trunk of a 1959 white Chevrolet convertible. The eyewitness immediately called the police who arrived on the scene in 30 seconds, observed that the storehouse had been broken into and that a safe was missing. He placed a lookout on the police radio and the car, containing four white males, one of whom was the appellant, was stopped six blocks away within a few minutes. The safe, containing $2268, stolen from the storehouse was in the trunk of the car titled in the appellant's name, and he gave no credible explanation of its presence. We think this evidence was legally sufficient to warrant the finding of the trial court that the appellant was guilty beyond a reasonable doubt of storehouse breaking with intent to steal goods of the value of $100 and upwards. *Spencer v. State,* 1 Md. App. 264; Md. Rules, 1086. The court was under no obligation to believe the appellant's testimony that although Skarzinski had paid for the car, it was titled in the appellant's name to prevent Skarzinski's wife, who was suing for divorce, from obtaining an interest in it and that, although he had been in the car when the police stopped it about

3. The correct citation is *Pointer v. State,* 238 Md. 23.

8:30 P.M., he went home immediately thereafter and did not get in the car again until minutes before the arrest, at which time, Bona, Savalino and Skarzinski were already in the car. Nor was it obliged to believe the denial of the appellant that he knew anything about the breaking of the storehouse and the stolen safe, his credibility in any event being suspect by a record of prior convictions of crimes. *Tillery v. State,* 3 Md. App. 142.

*Judgment affirmed.*