## BEN LAWRENCE AND ROBERT WARREN BOYD v. STATE OF MARYLAND

[No. 144, September Term, 1968.]

*Decided March 6, 1969.*

*Rolf A. Quisgard, Jr.*, with whom was *Robert Paul Mann* on the brief, for appellants.

*H. Edgar Lentz, Assistant Attorney General*, with whom were *Francis B. Burch, Attorney General, Samuel A. Green, Jr., State's Attorney for Baltimore County*, and *William J. Blondell, Jr., Assistant State's Attorney for Baltimore County*, on the brief, for appellee.

MORTON, J., delivered the opinion of the Court.

The appellants were convicted in the Circuit Court for Baltimore County, in a non-jury trial, of armed robbery and sentenced to fifteen (15) years imprisonment. In this appeal, they contend that the evidence was legally insufficient to sustain their convictions.

From the record it appears that two men, one of whom wore a silk stocking over his face, entered the White Way Tavern about 1:00 p.m. on January 24, 1968, which was owned and operated by a husband and wife. The individual wearing the stocking mask pointed a rifle at the wife, who had come from the kitchen in the rear to wait on them, and advised her: "This is a holdup." The wife ran screaming back into the kitchen. Her husband immediately came out and threw a chair at the men, whereupon one of them hit him on the side of the head with a pistol, knocking him unconscious. The husband was left lying in a large pool of blood as the individuals proceeded to knock down several doors in the establishment while the wife was hiding in a bedroom. About this time, the son of the owners arrived, begged the individuals not to further harm his father, and called the police as soon as they left the building.

Between 1:15 p.m. and 1:30 p.m. the same day, an off-duty police officer heard on the police radio in his private car a "lookout" signal for two Negroes who were wanted in connection with the holdup of the White Way Tavern. At the time,

he was in the car waiting to enter a stop sign intersection, and he noticed a foreign car with Delaware license plates immediately behind him occupied by three Negroes. At the same time, he observed a marked police car drive up behind the foreign car. He and the officer in the police car immediately approached the foreign car and found the appellant, Boyd, sitting in the seat behind the driver and the appellant, Lawrence, sitting next to the driver who was an individual named Martin.[1]

When Martin was unable to produce a registration card and a radio check to police headquarters revealed that the Delaware tags were stolen, the three individuals were requested to get out of the car and placed under arrest. A search of the car, which was consented to by Martin, produced a loaded pistol, a pellet rifle, a hunting knife with a six inch blade, two full fifths of whiskey, one full pint of whiskey and one partially filled bottle of whiskey with a pouring spout. These bottles of whiskey were positively identified by the wife as having come from the tavern and a fingerprint expert testified that he found the husband's fingerprints on two of the bottles. Neither the husband or wife could identify the appellants, who did not testify.

In finding the appellants guilty, the trial judge pointed out that the State had shown that two men, one wearing a stocking mask and carrying a rifle, the other wielding a pistol, had robbed the White Way Tavern. The appellants were found in a car shortly after the robbery, some five to ten miles from the tavern, and the car contained a rifle, a pistol, a silk stocking and bottles of whiskey which came from the tavern. He reasoned that a partially empty bottle with a pouring spout would not be sold as package goods and, therefore, it must have been taken, not purchased, from the tavern. On the basis of these circumstances, he concluded that the appellants were guilty of committing the armed robbery. We cannot say that his conclusion was clearly erroneous. Md. Rule 1086.

It is conceded on behalf of the appellants that the rule is

---

1. Martin was jointly charged with Boyd and Lawrence of committing the armed robbery. He was granted a severance and found not guilty in a trial held later the same day and before the same judge.

well established in this State that the exclusive possession of recently stolen goods, unexplained, gives rise to an inference of fact that the possessor is the thief. *Anglin v. State*, 244 Md. 652, 656; *Frey v. State*, 3 Md. App. 38, 49. It is argued, however, that the State has failed to show that the appellants had possession of the goods since neither was the driver of the car; they were not shown to have owned the car; and they point to the fact that, although Martin, the driver of the car, could be said to have had possession of the stolen articles, he was found not guilty. Since the record of Martin's trial is not before us, we have no way of knowing what evidence was before the trial judge when he returned his verdict of not guilty. It is well settled, however, that the conviction or acquittal of an alleged confederate in crime resulting from a separate trial cannot affect the guilt or innocence of his confederates at another trial for the identical crime. The State has the burden of proving an accused guilty beyond a reasonable doubt and the fact that it meets this burden in the trial of one co-defendant and fails to meet it in the separate trial of the other co-defendant does not in any way affect the validity of either judgment. *Jefferies v. State*, 5 Md. App. 630, 632.

The appellants' reliance upon *Matthews v. State*, 237 Md. 384, is misplaced. *Matthews* simply asserts the well recognized rule that guilt inferred only from the fact of the unexplained possession of recently stolen goods, ordinarily, cannot be imputed to a companion of the possessor "without other supporting evidence." In the case at bar, the silk stocking was found under the seat which had been occupied by the appellant, Lawrence, and the firearms and whiskey were found on the back seat which had been occupied by the appellant, Boyd. Thus, in the absence of any explanation by the appellants, we think there was sufficient evidence to support the inference of fact found by the trial judge that the appellants were in joint exclusive possession of the stolen goods. It is well settled that possession is not necessarily confined to one individual but there can, in fact, be joint exclusive possession in more than one individual. *Wilkins v. State*, 4 Md. App. 334.

Nor is *Spencer v. State*, 1 Md. App. 264, relied upon by the appellants, applicable here. In *Spencer* the accused did not

have in his possession any stolen goods and we found that in the factual circumstances of that case the State failed to meet its burden of proving the accused guilty beyond a reasonable doubt.

We think this case is controlled by *Bury v. State,* 2 Md. App. 674, and the cases cited therein. In *Bury* we held that in the circumstances there presented, which were not unlike the factual situation here, occupants of a car are considered jointly in possession of stolen goods found therein, in the absence of any explanation to the contrary. Here there was no explanation to contradict or overcome the inference of joint possession and, accordingly, we cannot say that the lower court was clearly erroneous in its judgment that the appellants were guilty of committing the armed robbery.

*Judgments affirmed.*