# KENNETH DAVIS AND LAWRENCE STANLEY NAPIER, JR. v. STATE OF MARYLAND

[No. 460, September Term, 1968.]

*Decided September 25, 1969.*

The cause was argued before MURPHY, C.J., and ANDERSON, MORTON, ORTH, and THOMPSON, JJ.

*Russell J. White* for appellants.

*James L. Bundy, Assistant Attorney General,* with whom were *Francis B. Burch, Attorney General, Samuel A. Green, Jr., State's Attorney for Baltimore County,* and *Charles E. Foos, III, Assistant State's Attorney for Baltimore County,* on the brief, for appellee.

THOMPSON, J., delivered the opinion of the Court.

Kenneth Davis and Lawrence Stanley Napier, Jr., the appellants, were convicted of grand larceny in the Circuit Court for Baltimore County. Judge H. Kemp Mac-Daniel, presiding without a jury, imposed sentences of three and four years respectively. Appellants contend, first, the evidence was insufficient to support their convictions and, second, the trial judge committed reversible error when he permitted a police officer to testify that a particular motor vehicle was registered in the name of Napier. There was testimony as follows:

One Solomon Goldberg, a wholesale watch salesman, registered at a motel located in Pikesville, Maryland. After having coffee, he discovered that his automobile containing two sample cases of watches had been stolen. The automobile was later recovered but both sample cases of watches had been removed from the trunk of the automobile.

Goldberg testified one of the sample cases contained an unknown number of 17-jewel Swiss watches and the other sample case an unknown number of one-jewel watches. He estimated the total number of watches in both cases to be approximately one hundred, with a value of approximately $2,500.

Thomas Burl identified Davis in court as being the person from whom he acquired two sample cases of watches as the result of a meeting between them at a produce

market in the 6400 block of Pulaski Highway. Burl identified a sample case and watches, which had been previously identified by Goldberg, as the same case and watches he had purchased from Davis. Burl also identified Napier as the person accompanying Davis when he delivered the watches to Burl. Further, Burl testified that at that time he did not know Napier by name, and that Napier said nothing while Burl and Davis talked.

Detective John Smith of the Baltimore County Police, who investigated the case, testified that while at the produce market in the 6400 block of Pulaski Highway he observed a 1968 Plymouth station wagon bearing Maryland license tag AH-8849 being driven by Napier with Davis as a passenger. Smith also saw a truck driven by Burl. Both vehicles proceeded to the back of the property where Smith saw Davis take a black case out of the station wagon and give it to Burl. Later, with a search warrant, the police seized the watches from the truck at Burl's home in Frostburg. Smith, over objection, also testified that he checked the registration file at the Department of Motor Vehicles on license tag AH-8849 and found the Plymouth station wagon was registered by Lawrence Stanley Napier.

The rule is well established that the unexplained possession of recently stolen goods raises an inference of fact the possessor is the thief. Such possession must be exclusive but the cases explain exclusive does not mean exclusively in one person; the possession can be joint. *Tierney v. State,* 7 Md. App. 56, 253 A. 2d 528; *Graham v. State,* 6 Md. App. 458, 251 A. 2d 616; *Hale v. State,* 5 Md. App. 205, 245 A. 2d 908; *Lawrence and Boyd v. State,* 6 Md. App. 226, 251 A. 2d 20. Of course, the possession cannot be considered joint when the goods are shown to be exclusively in the possession of one of two persons, *e.g. Matthews v. State,* 237 Md. 384, 206 A. 2d 714 where a stolen check was found exclusively in the possession of one codefendant; and there was no evidence whatsoever the other codefendant knew his companion possessed the check. However, in the instant case, the

goods were in the view of both parties and they acted in concert; thus, ample evidence supports the finding of guilty as to both appellants.

The appellants also argue that since the State did not prove 100 watches were stolen as alleged in the indictment, the evidence was insufficient. Since the evidence did show that a large number of watches were stolen with a total value of approximately $2,500. the exact number of watches stolen makes no difference. There being no question that the value exceeds $100., the theft constituted grand larceny.

Appellants contend the trial court committed reversible error in permitting the police officer to testify, over objection, that his examination of the motor vehicles records showed that the station wagon involved was registered to Napier. They allege, and we agree, the best evidence rule precludes the testimony. In *Goodman v. State*, 2 Md. App. 473, 235 A. 2d 560 we held a telephone official could not testify that company records, which were not produced, showed a particular telephone number was assigned to an outdoor telephone booth instead of to a medical doctor. In *Hyman v. State*, 4 Md. App. 636, 244 A. 2d 616 we indicated *in dictum* that a police officer could not testify that police records showed a gun offered in evidence was stolen from a particular location when the testimony was offered to support a charge of breaking and stealing. The state contends that the admission of the evidence was at most harmless error. As to Davis, we agree. Whether Napier, or someone else, owned the station wagon, obviously, had no bearing on Davis' conviction. See *Lamar v. State*, 5 Md. App. 594, 249 A. 2d 192. We would have arrived at the same conclusion as to the conviction of Napier except that the trial judge stated most emphatically that he relied on Napier's ownership to support the finding of guilt as to him. While it appears to us that his operation of the vehicle, under the circumstances of this case, was a much more important fact we cannot ignore the trial judge's statement that he relied on the improper evidence to support the ver-

dict, thus we cannot say that the error was not prejudicial as to Napier.

> *Judgment affirmed as to appellant Davis; judgment reversed, case remanded for a new trial, as to appellant Napier. Costs to be divided equally between appellant Davis and the County Council of Baltimore County.*