# GEORGE LEE SAMUELS *v.* STATE OF MARYLAND

[No. 1194, September Term, 1982.]
*Decided April 18, 1983.*

The cause was argued before LISS and BLOOM, JJ., and JAMES C. MORTON, JR., Associate Judge of the Court of Special Appeals (retired), specially assigned.

*Louis P. Willemin, Assistant Public Defender,* with whom was *Alan H. Murrell, Public Defender,* on the brief, for appellant.

*William Charles Rogers, III, Assistant Attorney General,* with whom were *Stephen H. Sachs, Attorney General, Arthur A. Marshall, Jr., State's Attorney for Prince George's County,* and *Hollis Weisman, Assistant State's Attorney for Prince George's County,* on the brief, for appellee.

BLOOM, J., delivered the opinion of the Court.

Appellant, George Lee Samuels, was indicted by the grand jury for Prince George's County in one case (No. 81-596) for housebreaking and related offenses allegedly occurring on January 21, 1981, and in a second case (No. 81-597) for housebreaking and related offenses as well as for transporting a handgun, all of which allegedly occurred on January 23, 1981. Over appellant's objection, the fifth, sixth, seventh and eighth counts of the second indictment (handgun offenses) were consolidated with all counts of the first indictment for trial before a jury.

Appellant was convicted of housebreaking (count 1 of the first indictment) and transporting a handgun and carrying a handgun (counts 5 and 6 of the second indictment). The two handgun violations were merged. Appellant was sentenced to concurrent terms of one year imprisonment for housebreaking and one year imprisonment for transporting a handgun. In this appeal, he asserts:

1. The trial court erred in permitting a joint trial of charges contained in two charging documents.

2. The evidence was insufficient to sustain appellant's conviction for housebreaking.

3. The trial court erred in admitting irrelevant and prejudicial evidence.

Because we agree with appellant's first two contentions and will reverse therefore, it will not be necessary to address the third one.

## FACTS

Sometime between 10:00 a.m. and 2:30 p.m. on January 21, 1981, the house of William Pointer on School Way in Prince George's County was broken and entered. Several items of personal property were taken from the house, including an adding machine and a citizen's band radio.

At approximately 11:00 a.m. on January 23, 1981, Detective M. M. Shapiro of the Prince George's County Police Department stopped an automobile for traffic violations. His attention had initially been drawn to the vehicle when it proceeded onto a "dead-end street of a known breaking and entering suspect." The traffic violations occurred when the vehicle came back out of that street. The operator of the vehicle was one Michael Johnson, whose aunt was the owner of the automobile. Three other people were in the car, including appellant who was in the left rear seat behind the operator. Detective Shapiro, with Johnson's consent, searched the trunk of the car and found various items of personal property, including an adding machine and a citizen's band radio which were subsequently identified by Pointer as items taken from his house on January 21, 1981.

While Detective Shapiro was searching the trunk of Johnson's car, his companion, Detective A. L. Creveling, asked the passengers for identification. When the passengers got out of the car, Creveling observed the butt of a gun sticking out from underneath the driver's seat into the rear of the vehicle. He removed that weapon, searched further

and found a second gun under the right front seat. According to Detective Creveling, the first gun was located in such position that it would have been between appellant's feet while he was seated in the automobile.

Michael Johnson appeared as a State's witness at appellant's trial. He testified that on Wednesday, January 21, 1981, he was driving his aunt's car, accompanied by Craig Horn and Mark Jackson (the same persons who were with Johnson and appellant on January 23). About 9:30 or 10:00 a.m., they picked up appellant at Ballou High School in the District of Columbia and drove into Prince George's County, stopping in front of a house on School Way. Appellant and Jackson, according to Johnson, went into the house through the front door. Johnson then parked his car in the driveway, and the three passengers started loading the trunk with items taken from the house, including an adding machine and citizen's band radio. Johnson then testified that on January 23, 1981, he was again with Horn and Jackson in his aunt's car. They again picked up appellant at Ballou High School and drove into Maryland where they were stopped by the police.

Appellant denied complicity in the housebreaking and called as witnesses two of his high school teachers who testified that, according to their records, appellant was in school on January 21, 1981, from 9:10 a.m. until 10:00 a.m. and from 10:55 a.m. to 11:40 a.m. His other teachers did not keep attendance records and were thus unable to state whether appellant attended their classes on January 21.

Appellant also denied knowing that the guns were in the car. He testified that the first time he saw any guns was when the police officer reached under the driver's seat, withdrew the gun and held it up for him to see.

## JOINDER

The joinder of offenses in charging documents in general is governed by Md. Rule 712a. The joinder of two or more charging documents for trial is governed by Md. Rule 745.

Rule 712 provides:

a. *Offenses.*

Two or more offenses, whether felonies or misde-
meanors or any combination thereof, may be
charged in the same charging document in a sepa-
rate count for each offense, if the offenses charged
are of the same or similar character or are based on
the same act or transaction or on two or more acts
or transactions connected together or constituting
parts of a common scheme or plan.

Rule 745 provides:

a. *Joint Trial — Charging Documents.*

The court may order two or more charging
documents to be tried together if the offenses and
the defendants could have been joined in a single
charging document.

b. *Motion for Joinder of Offenses.*

If a defendant has been charged in two or more
charging documents, either party may move for a
joint trial of the charges. In ruling on the motion,
the court shall inquire into reasons for the motion
and the ability of either party to proceed at a joint
trial.

c. *Prejudicial Joinder.*

If it appears that any party will be prejudiced by
the joinder for trial of counts, charging documents
or defendants, the court may, upon its own motion
or the motion of any party, order separate trials of
counts, charging documents or defendants, or grant
any other relief justice requires.

The only connection between the January 21, 1981,
housebreaking and the January 23, 1981, possession and
transportation of handguns is that the police officers
discovered evidence of both offenses at the same time and in
the same automobile — the stolen goods in the trunk and the
guns under the front seats. That connection is an insufficient

basis for a joint trial of the two charging documents. The charges could not have been joined together under the authority of Md. Rule 712a because they were not of the same or similar character, or based on the same act or transaction, or based on two or more acts or transactions connected together or constituting parts of a common scheme or plan.

Neither could a joint trial of the two charging documents be ordered under authority of Md. Rule 745a. Separate offenses should not be joined for trial unless the evidence of each individual offense would be admissible at a separate trial for the other offense. *State v. Jones,* 284 Md. 232, 395 A.2d 1182 (1979); *McKnight v. State,* 280 Md. 604, 375 A.2d 551 (1977). Evidence of possession and transportation of a handgun on January 23 would be inadmissible in a separate trial for housebreaking on January 21; evidence of housebreaking on January 21 would be inadmissible in a separate trial for handgun offenses occurring on January 23. In a prosecution for a particular crime, evidence which in any manner shows or tends to show that the accused has committed another crime wholly independent of that for which he is on trial is irrelevant and inadmissible. *Harrison v. State,* 276 Md. 122, 345 A.2d 830 (1975). This case comes within none of the recognized exceptions to that rule enunciated in *Ross v. State,* 276 Md. 664, 350 A.2d 680 (1976).

## SUFFICIENCY OF THE EVIDENCE

Appellant asserts that the evidence was insufficient to sustain his conviction for housebreaking because that conviction rests upon the uncorroborated testimony of an accomplice.

Other than the testimony of Michael Johnson, who admitted his own complicity in the breaking and entering of the Pointer house while implicating appellant in that crime, the only evidence tending to connect appellant with the offense was his presence in Johnson's automobile and the presence of goods stolen from the Pointer house in the trunk of that automobile two days after the housebreaking.

Maryland continues to adhere to the rule that a conviction may not rest upon the uncorroborated testimony of an accomplice. *Turner v. State,* 294 Md. 640, 452 A.2d 416 (1982); *Brown v. State,* 281 Md. 241, 378 A.2d 1104 (1977). The policy underlying the rule was stated in *Watson v. State,* 208 Md. 210, 217, 117 A.2d 549 (1955):

> The reason for the ruling requiring the testimony of an accomplice to be corroborated is that it is the testimony of a person admittedly contaminated with guilt, who admits his participation in the crime for which he particularly blames the defendant, and it should be regarded with great suspicion and caution, because otherwise the life or liberty of an innocent person might be taken away by a witness who makes the accusation either to gratify his malice or to shield himself from punishment, or in the hope of receiving clemency by turning State's evidence.

While the corroboration evidence may be slight and need not, in itself, be sufficient to convict, it must relate to material facts which would either: 1) identify the accused with the perpetrators of the crime or 2) show the participation of the accused in the crime itself. If the corroborative evidence tends to establish either of these matters, the trier of fact may give credit to the testimony of the accomplice even with respect to matters which are not corroborated. *Brown v. State, supra.*

With respect to corroborative evidence tending "to identify the defendant with the perpetrators of the crime," "[i]t would be sufficient by way of corroboration for the state to show, by non-accomplice evidence, that the appellant was in the company of the perpetrators of the crime in the general vicinity of the crime scene and at about the time when the crime occurred." *Jeandell v. State,* 34 Md. App. 108, 110, 336 A.2d 79 (1976). Proof that the appellant was in the company of Johnson, an admitted perpetrator of the crime, in an automobile being driven in Prince George's County two days

after the crime does not satisfy that test. In *Jeandell,* non-accomplice evidence placing the defendant in the company of the perpetrators within 34½ hours after the crime was held to be insufficient corroboration.

The only arguable corroboration evidence tending "to show the participation of the accused in the crime itself" is the fact that two days after the crime, some of the loot was found in the trunk of an automobile in which appellant was a passenger. We do not find that to be sufficient.

Unexplained possession of recently stolen goods gives rise to an inference that the possessor is the thief; if the theft occurred as part of a burglary or robbery, the inference is that the possessor is the burglar or robber. *Brewer v. Mele,* 267 Md. 437, 449, 298 A.2d 156 (1972). In the case *sub judice,* these inferences would be clearly applicable to Johnson. As the operator and person in control of the car, he was unquestionably in possession of the stolen goods found in the trunk. But possession by Johnson cannot be imputed to his companion of the moment (appellant) without other supporting evidence. *Matthews v. State,* 237 Md. 384, 389, 206 A.2d 714 (1965).

Of course, as to accomplices, possession by one is possession by all. *Cross v. State,* 36 Md. App. 502, 515, 374 A.2d 620 (1977), *rev'd on other grounds* 282 Md. 468, 386 A.2d 757 (1978); *Brown v. State,* 8 Md. App. 224, 225-226, 259 A.2d 85 (1969). However, imputation of joint possession of the stolen goods to appellant and Johnson as accomplices would require corroborative evidence of Johnson's testimony that appellant was his accomplice.

In numerous cases, co-occupants of automobiles have been deemed to be in joint possession of stolen goods, burglar's tools or other contraband found therein. But in each such case, the surrounding circumstances and the conduct of the parties were such as clearly to indicate that all of the occupants of the vehicle were acting in concert. *See Shipley v. State,* 243 Md. 262, 220 A.2d 585 (1965); *Wright v. State,* 222 Md. 242, 159 A.2d 636 (1960); *Jones v. State,* 42 Md. App. 209, 400 A.2d 1 (1979); *Hale v. State,* 5 Md. App. 205, 245

A.2d 908 (1968); and *Bury v. State,* 2 Md. App. 674, 236 A.2d 751 (1968).

The State argues that testimony by Detective Shapiro, that the occupants of the back seat of the car "started to bend down out of sight" when they observed the police following them, constituted evidence of consciousness of guilt from which the jury could infer appellant's knowledge that the stolen items were in the trunk. Evidence of "consciousness of guilt," if starting "to bend down out of sight" may be so considered, does not, in itself, reasonably lead to an inference of guilty knowledge of what was contained in the trunk, particularly when the State contends that appellant was conscious of other guilt, i.e., transporting the handgun which was between his feet on the floor of the car.

In *Folk v. State,* 11 Md. App. 508, 275 A.2d 184 (1971), Judge Moylan carefully analyzed the cases involving the analogous problem as to whether contraband drugs found in premises (or automobile) may be deemed to be in the joint possession of persons who happen to be within the premises (or automobile) at the time the drugs are found. Reviewing the cases in which convictions of possession were reversed, Judge Moylan noted that:

> [t]he common thread running through all cases negating joint possession is 1) the lack of proximity between the defendant and the contraband, 2) the fact that the contraband was secreted away in hidden places not shown to be within his gaze or knowledge or in any way under his control and 3) the lack of evidence from which a reasonable inference can be drawn that the defendant was participating with others in the mutual use of the contraband.

Reviewing the cases in which convictions were affirmed, he noted that:

> [t]he common thread running through all of these cases affirming joint possession is 1) proximity between the defendant and the contraband, 2) the fact

that the contraband was within the view or otherwise within the knowledge of the defendant, 3) ownership or some possessory right in the premises or the automobile in which the contraband is found, or 4) the presence of circumstances from which a reasonable inference could be drawn that the defendant was participating with others in the mutual use and enjoyment of the contraband.

Eliminating Johnson's testimony, there would be no reason to believe that appellant was aware of the existence of stolen goods in the trunk of Johnson's car and there is nothing to give rise to the inference that appellant was participating in the possession, control, use or enjoyment of the loot.

We may briefly restate the question and the factual premise for it as follows: An automobile is stopped for a traffic violation. The operator (nephew of the registered owner) consents to a search of the trunk. Personal property stolen as part of a burglary two days earlier is found in the trunk. The operator confesses that he participated in the theft (and burglary) and adds that the three passengers now occupying his car were his accomplices in the crime. Does the presence of the stolen goods in the trunk of the car corroborate — give credence to — the operator's accusation that the present occupants of his car were his accomplices in stealing the goods and putting them in the trunk of the car two days ago? We do not think so. If, as we are cautioned to suspect, a guilty party might accuse an innocent person in the hope of receiving clemency, *Watson v. State; supra,* who is more likely to be so accused than the person who happens to be in the company of the confessed criminal at the time his crime is discovered?

In the *Jeandell* case, *supra,* two confessed criminals, implicating the defendant in their crime (breaking and entering a storehouse), testified that the crime occurred over a two hour period on a particular Sunday night, during which period they had to make several trips to their home base in order to get equipment. But for their testimony, the

crime could have occurred at any time over a 42 hour period that weekend. Non-accomplice evidence put defendant in the company of the two confessed criminals in the vicinity of their "home base" during the period of time the alleged accomplices said the crime was committed. The non-accomplice testimony was held not to be corroborative of the accomplices as putting the defendant in their company at the time of the crime because the accomplice testimony could not be used in part to corroborate itself as to the crucial element of the time of the offense. 34 Md. App. at 111-112.

Likewise, in the case *sub judice,* the accomplice's testimony cannot pull itself up by its own bootstraps, or corroborate itself as to appellant's knowledge of the presence of the stolen goods in the trunk of the car. In the absence of non-accomplice evidence to corroborate that appellant even knew of the existence of the adding machine and citizen's band radio in the trunk, there is nothing other than Johnson's testimony to connect him with the housebreaking.

Because we reverse appellant's conviction of housebreaking for insufficiency of the evidence, he may not be retried on that charge. *Jackson v. Virginia,* 443 U.S. 307 (1979); *Mackall v. State,* 283 Md. 100, 387 A.2d 762 (1978). With respect to the conviction for transporting a handgun, there is no constitutional impediment to a retrial on that charge. Counsel for appellant suggests to us that appellant should not be retried on any charge because he probably will have served his full sentence before our mandate issues. That, however, is not properly before us.

> *Judgment in Case No. 81-596 reversed.*
>
> *Judgment in Case No. 81-597 reversed and remanded for a new trial.*
>
> *Costs to be paid by Prince George's County.*