## THOMAS JOSEPH KOHR v. STATE OF MARYLAND

[No. 1198, September Term, 1977.]

*Decided July 14, 1978.*

The cause was argued before MOORE, LISS and WILNER, JJ.

*William E. Seekford,* with whom was *James A. Gede* on the brief, for appellant.

*Kathleen M. Sweeney, Assistant Attorney General,* with whom were *Francis Bill Burch, Attorney General, Sandra A. O'Connor, State's Attorney for Baltimore County,* and *Gerald Ruter, Assistant State's Attorney for Baltimore County,* on the brief, for appellee.

LISS, J., delivered the opinion of the Court.

On August 1, 1977, the appellant, Thomas Joseph Kohr, was arrested at an apartment in Baltimore County, Maryland. Charges of violating the state's narcotic laws were placed against him in the District Court, and at a preliminary hearing held in that court on September 7, 1977, appellant's trial counsel filed an oral motion to suppress the admission of certain evidence seized by the police in a warrantless search and seizure conducted at the time of arrest. That motion was denied.

On September 22, 1977, a three count criminal information was filed in the Circuit Court for Baltimore County charging the appellant with possession of marijuana, possession of marijuana in sufficient quantity to reasonably indicate an intent to distribute, and maintaining a common nuisance. Appellant elected to be tried by the court without a jury.

Prior to the trial on the merits, defense counsel renewed his oral motion to suppress the evidence which was allegedly unlawfully seized at the time of arrest. It appears from the record that the assistant state's attorney assigned to the prosecution of the appellant had been lying in wait with malice aforethought for just such a motion. He called the trial court's attention to the fact that the Criminal Causes portion of the Maryland Rules of Procedure (the 700 Rules) had been

recently revised by the Court of Appeals and that new rules had been adopted by the Court which became effective July 1, 1977. Specifically, the prosecutor called attention to Rule 736 which requires the defense to file a motion to suppress in writing within 30 days after the earlier of the appearance of counsel or the first appearance of the defendant before the court. A failure to comply with these requirements is stated to amount to a waiver of the right to object to an illegal search and seizure and to the admission of any evidence seized pursuant to such a search. Defense counsel confessed an unfamiliarity with the new rules as adopted but urged that Rule 736 was unconstitutional. The state advised the trial judge that it was aware of defense counsel's failure to file the motion to suppress in writing within the time period allowed and had determined to make the case a test case to determine the constitutionality of Rule 736. It urged the trial judge not "to attempt to sidestep the result." The trial court inquired of defense counsel whether appellant could, as required by the rule, show "good cause" for his failure to comply with the rule, and upon satisfying itself that there was no "good cause" the court denied the motion to suppress and ruled that the state could introduce the evidence seized without any further hearing.

The case then proceeded on its merits and the evidence seized without a warrant was admitted over objection. The court found the appellant guilty of possession of marijuana with intent to distribute and imposed sentence. It is from that judgment that this appeal is taken. Appellant and appellee have raised a number of legal and factual questions which are stated in various forms but boil down to essentially three questions.

## I.

Is Rule 736 of the Maryland Rules of Procedure constitutional?

Rule 736 in its pertinent parts reads as follows:

"a. *Mandatory Motions.*

"A motion asserting one of the following matters

shall be filed in conformity with this Rule. Any such matter not raised in accordance with this Rule is waived, unless the court, for good cause shown, orders otherwise:

. . .

"3. An unlawful search, seizure, interception of wire or oral communication, or pretrial identification;

. . .

"b. *Time for Filing Mandatory Motions.*

"A motion filed pursuant to section a of this Rule shall be filed within 30 days after the earlier of the appearance of counsel or the first appearance of the defendant before the court pursuant to Rule 723 (Appearance — Provision for or Waiver of Counsel), except when discovery is furnished on an issue which is the subject of the motion, then the motion may be filed within five days after the discovery is furnished.

. . .

"d. *Content of Motions.*

"A motion filed pursuant to this Rule shall be in writing unless the court otherwise directs, shall state the grounds upon which it is made, and shall set forth the relief sought. A motion alleging an illegal source of information as the basis for probable cause must be supported by precise and specific factual averments.

"e. *Determination.*

"A motion filed pursuant to this Rule, except a motion to dismiss for failure to obtain a speedy trial, shall be determined before trial unless the court

otherwise directs in motions involving subsection a 4 of this Rule. If factual issues are involved in determining the motion, the court shall state its findings on the record.

. . .

"2. Suppression of Evidence.

"If the court grants a motion to suppress evidence, the evidence shall be excluded and shall not be offered by the State at trial, except that suppressed evidence may be used in accordance with law for impeachment purposes. If the court denies a motion to suppress evidence, the ruling is binding at the trial unless the court, in the exercise of its discretion, grants a hearing *de novo* on a renewal of the motion. A pretrial ruling denying the motion to suppress is reviewable on a motion for a new trial or on appeal of a conviction."

The Maryland Constitution, Article IV, Section 18A,[1] vests in the Court of Appeals the power to promulgate rules of practice and procedure in the administration of the appellate courts and the other courts of the state and these rules "shall have the force of law until rescinded, changed or modified by the Court of Appeals or otherwise by law." *Hill v. State,* 218 Md. 120, 145 A. 2d 445 (1958). The rules, when adopted within their authorized scope, are legislative in nature. *Ginnavan v. Silverstone,* 246 Md. 500, 229 A. 2d 124 (1967).

The basis for the grant of this rule-making power is the recognition that in order to provide for the orderly administration of justice reasonable and specific rules of procedure are necessary. The rule-making power, like all legislative power, must be exercised within the confines of the United States Constitution and our own Constitution. *See:* Article 2, Maryland Constitution, Declaration of Rights. The

---

1. A constitutional amendment, proposed by the Acts of 1977, ch. 681, which would place substantially the same provisions in Section 18 of Article IV of the Md. Constitution will be voted upon at the general election to be held in November, 1978.

Supreme Court of the United States held in *Maryland Comm. for Fair Representation v. Tawes,* 377 U. S. 656, 84 S. Ct. 1429, 12 L.Ed.2d 595 (1963), *rev'g,* 228 Md. 412, 180 A. 2d 656 (1962), that if any portion of the system of Maryland's government infringes upon the federal Constitution, which is the supreme law of the land, it must yield to the provision of the federal Constitution.

Appellant mounts a two-pronged attack on the constitutionality of Rule 736. He suggests, initially, that it is the burden of the prosecution to prove the guilt of the accused beyond a reasonable doubt on the basis of legally obtained evidence. He contends that that burden has been shifted to the defendant by the requirements of the rule which provide that it is the defendant who must affirmatively file a written motion within 30 days in which he moves to suppress evidence allegedly obtained unlawfully and must advise the state of the reasons why he contends the search and seizure was unlawful. A failure to comply with these requirements forecloses the accused from his right of litigating the issue of unlawful search and seizure.

We do not agree that the rule imposes an unconstitutional burden nor do we believe it shifts the responsibility of the parties in raising the issue. Under the rules which existed for years prior to the adoption of the new Rule 736, it was always the burden of the defense to raise the issue of unlawful search and seizure by appropriate oral or written motion. The manner and mode of filing such motions has varied. In *Sugarman v. State,* 173 Md. 52, 195 A. 324 (1937), the Court of Appeals held that a motion before trial to declare a search warrant null and void and to suppress property seized was not authorized by statute or precedent. *See: Asner v. State,* 193 Md. 68, 65 A. 2d 881 (1949). In *Rizzo v. State,* 201 Md. 206, 93 A. 2d 280 (1952), the Court noted that a motion to quash a search warrant had been authorized by statute, then codified as Code (1957) Art. 27, Section 551, to be filed and heard before trial. In *Farrow v. State,* 233 Md. 526, 197 A. 2d 434 (1964), the Court, referring to then Rule 725 b and c, stated that the admissibility of evidence which is dependent

upon the lawfulness of an arrest should be ruled upon by the trial judge as a preliminary matter.

The Court stated in *Shrout v. State,* 238 Md. 170, 208 A. 2d 585 (1965) that the use of a preliminary motion under former Rule 725 was permissive and that the defendant's failure to move for the suppression of evidence by preliminary motion did not amount to a waiver of his constitutional rights. The Court pointed out, however, that "there is nothing in the Rule or in our decisions to support the State's contention that, if the defendant does not make such a preliminary motion, his objections to the issuance of the warrant and the evidence seized thereunder are thereafter without avail." *Id.* at 174.

Such is not the case, however, under new Rule 736. It is clear that the Court of Appeals in adopting new Rule 736 decided, as a matter of judicial policy and administration, to make the Maryland rule parallel to Rule 12 of the Federal Rules of Criminal Procedure. Both rules are identical in that they require that motions to suppress be filed pre-trial and both consider a failure to raise timely objections to the admissibility of unlawfully seized evidence to constitute a waiver. This does not amount to a shifting of burdens since the state still has the duty of establishing such probable cause to justify the search and seizure or that the search and seizure falls within one of the several recognized exceptions to the warrant requirement. The defendant is still afforded an opportunity to litigate the issue and the requirements of Rule 736 do not amount to an unconstitutional burden on the accused.

Appellant's second prong in his attack on the constitutionality of Rule 736 is directed at the waiver provision included in that rule. As federal constitutional questions are involved, the issue of waiver of these rights is governed by federal standards. *See: Douglas v. Alabama,* 380 U. S. 415, 85 S. Ct. 1074, 13 L.Ed.2d 934 (1965); *Fay v. Noia,* 372 U. S. 391, 83 S. Ct. 822, 9 L.Ed.2d 837 (1963); *Farrell v. Warden,* 241 Md. 46, 215 A. 2d 218 (1965); *Silverberg v. Warden,* 7 Md. App. 657, 256 A. 2d 821 (1969).

It has been held in innumerable decisions that

constitutional rights may be waived.[2] As we said in *Miller v. Warden,* 16 Md. App. 614, 621, 299 A. 2d 862 (1973):

"Waiver is chameleon-like and takes its color from the right which is waived, from the degree to which it is waived, from the forum in which it is waived, from the state of the proceedings at which it is waived, and from the circumstances under which it is waived."

Appellant urges that the burden is on the state to show, on the record, that the defendant alleged to have waived a constitutional right has made a knowing and intelligent waiver.[3] *Johnson v. Zerbst,* 304 U. S. 458, 58 S. Ct. 1019, 82

---

2. *See:* Brookhart v. Janis, 384 U. S. 1, 86 S. Ct. 1245, 16 L.Ed.2d 314 (1966), Barber v. Page, 390 U. S. 719, 88 S. Ct. 1318, 20 L.Ed.2d 255 (1968) (right of confrontation); Zimmerman v. State, 9 Md. App. 488, 265 A. 2d 764 (1970) (jury trial); Barker v. Wingo, 407 U. S. 514, 92 S. Ct. 2182, 33 L.Ed.2d 101 (1972) (speedy trial); Green v. United States, 355 U. S. 184, 78 S. Ct. 221, 2 L.Ed.2d 199 (1957) (double jeopardy); McCarthy v. United States, 394 U. S. 459, 89 S. Ct. 1166, 22 L.Ed.2d 418 (1969); Boykin v. Alabama, 395 U. S. 238, 89 S. Ct. 1709, 23 L.Ed.2d 274 (1969) (guilty plea); Smith v. United States, 337 U. S. 137, 69 S. Ct. 1000, 93 L.Ed. 1264 (1949) (compulsory self-incrimination); Emspak v. United States, 349 U. S. 190, 75 S. Ct. 687, 99 L.Ed. 997 (1955) (compulsory self-incrimination before a congressional committee); In re Gault, 387 U. S. 1, 87 S. Ct. 1428, 18 L.Ed.2d 527 (1967) (counsel in juvenile proceedings); McMann v. Richardson, 397 U. S. 759, 90 S. Ct. 1441, 25 L.Ed.2d 763 (1970) (waiver of trial by guilty plea); United States v. Wade, 388 U. S. 218, 87 S. Ct. 1926, 18 L.Ed.2d 1149 (1967) (attorney at lineup); Miranda v. Arizona, 384 U. S. 436, 86 S. Ct. 1602, 16 L.Ed.2d 694 (1966) (self-incrimination and attorney).

3. The Supreme Court stated in Schneckloth v. Bustamonte, 412 U. S. 218, 235, 241-42, 36 L.Ed.2d 854, 93 S. Ct. 2041 (1973):

"It is argued that under the doctrine of Johnson v. Zerbst . . . to establish such a 'waiver' the State must demonstrate 'an intentional relinquishment or abandonment of a known right or privilege.'

"But these standards were enunciated in Johnson in the context of the safeguards of a fair criminal trial. Our cases do not reflect an uncritical demand for a knowing and intelligent waiver in every situation where a person has failed to invoke a constitutional protection. As Mr. Justice Black once observed for the Court: ' "Waiver" is a vague term used for a great variety of purposes, good and bad, in the law.' Green v. United States. . . .

. . .

"There is a vast difference between those rights that protect a fair criminal trial and the rights guaranteed under the Fourth Amendment. Nothing, either in the purposes requiring a 'knowing' and 'intelligent' waiver of trial rights, or in the practical application of such a requirement suggests that it ought to be extended to the

L. Ed. 1461 (1938). While this is correct concerning the waiver of a number of rights, it does not apply to a failure to object affirmatively to the admission of evidence by way of a pre-trial motion. In the case of a Fourth Amendment claim it is the defendant who must initially object to evidence which he believes was illegally obtained. A failure to object by way of a pre-trial motion, where required by the Rules, has been held to be an effective waiver of Fourth Amendment rights. *See: United States v. Sisca,* 503 F. 2d 1337 (2d Cir. 1974), *cert. denied,* 419 U. S. 1008.

In *United States v. Rollins,* 522 F. 2d 160 (2d Cir. 1975), *cert. denied,* 424 U. S. 918 (1976), the defendant filed a pre-trial motion to suppress the admission of alleged illegally seized passports which formed the gravamen of a charge against him. Several grounds for the pre-trial motion were stated, but the motion did not raise the specific contention that the seizure of the passports was beyond the scope of the search authorized by the warrant. Later, a post-trial motion was filed which did include this ground. The Court held that defendant clearly waived this ground by his failure to move for suppression on this basis prior to trial. The Court stated at 165-66:

> "[T]he failure to assert before trial a particular ground for a motion to suppress certain evidence operates as a waiver of the right to challenge the admissibility of the evidence on that ground. . . . A specific objection on the ground now asserted, made in timely fashion, would have enabled the district court to hold a hearing as to circumstances of the search. In the event of an adverse ruling the Government would have had the opportunity to alter its conduct of the case, and refrain from relying on the passports. While the passports seized in

---

constitutional guarantee against unreasonable searches and seizures.

. . .

"The protections of the Fourth Amendment are of a wholly different order, and have nothing whatever to do with promoting the fair ascertainment of truth at a criminal trial."

California were useful in establishing Rollins' identity and contacts in Kenya, it seems entirely probable that the Government could have secured a conviction without the challenged evidence. Rollins' identity was established otherwise by eyewitness identification and fingerprints. Rollins' direct contacts in Kenya were also proven by the names and addresses of his personal address book, by the toll statement disclosing a call from Rollins' telephone to Kenya on September 4, 1974, and by the fact that the transfer forms from Kenya contained the name and number of Rollins' checking account. By his failure to advance his objection in timely fashion, Rollins deprived the Government of the opportunity to meet that objection before trial; he cannot advance it now."

*Cf.: Sewell v. United States,* 406 F. 2d 1289 (8th Cir. 1969) (failure to file a timely motion to dismiss indictment constituted a waiver); *United States v. Hoffa,* 367 F. 2d 698 (7th Cir. 1966), *rev'd on other grounds,* 387 U. S. 23 (1967) (per curiam) (late challenge to grand jury array held to be a waiver).

Nor do we find that this is one of that class of cases contemplated by *Johnson v. Zerbst, supra,* where the Court held that the fact of waiver must be shown affirmatively on the record. Rule 736 contemplates some affirmative action on the part of the defendant to raise, by way of written motion, the issue of whether evidence was unlawfully obtained. A failure to file such a motion in the form required by Rule 736 and within the time limits specified amounts to a waiver of the right to raise the issue. We think the language of the Court in *United States v. Sisca, supra* at 1349 is apropos, where it is stated that "we reject, as did the district court, appellants' contention that the finding of waiver here is inconsistent with the view that courts should 'indulge every reasonable presumption against waiver of fundamental constitutional rights.' Johnson v. Zerbst [*supra* at 464]."

We do not agree that the failure of the appellant to comply with Rule 736 was cured by the oral motion to suppress filed

in the District Court at the preliminary hearing. Obviously, that type of proceeding is not the appropriate forum in which to file a pre-trial motion to suppress. In addition, we note that Rule 701 provides that "[t]he rules in this Chapter [700-Criminal Causes] govern the procedures before the circuit courts for the counties and the Criminal Court of Baltimore." We conclude that Rule 736 is constitutional.

## II.

Appellant next urges that even if Rule 736 is constitutional and conceding, arguendo, that he did not comply with its terms, no waiver occurred because the state failed to comply with the provisions of Rule 741.

The pertinent portions of that rule provide as follows:

"a. *Disclosure Without Request.*

"Without the necessity of a request by the defendant, the State's Attorney shall furnish to the defendant:

. . .

"2. Any relevant material or information regarding: (a) specific searches and seizures, wire taps and eavesdropping, (b) the acquisition of statements made by the defendant, and (c) pretrial identification of the defendant by a witness for the State.

"3. The State's Attorney's obligations under this section extend to material and information in the possession or control of members of his staff and of any others who have participated in the investigation or evaluation of the case and who either regularly report or with reference to the particular case have reported to his office.

. . .

"e. *Procedure for Discovery.*

"1. Time for Discovery.

"The State shall make disclosure pursuant to section a of this Rule within 25 days after the earlier

of the appearance of counsel or the first appearance of the defendant before the court pursuant to Rule 723 (Appearance — Provision for or Waiver of Counsel). The defendant shall make a request for discovery pursuant to section b of this Rule, and the State shall make a request for discovery pursuant to section d of this Rule within 15 days after the earlier of the appearance of counsel or the first appearance of the defendant before the court pursuant to Rule 723 (Appearance — Provision for or Waiver of Counsel). The party served with the request shall furnish the discovery required by this Rule within 10 days after receipt of the request."

Appellant urges that the state failed to comply with either the letter or the spirit of the rule requiring disclosure of the relevant material or information regarding the specific searches and seizures in this case. Our examination of the record discloses that the state filed a printed form which it designated as the "State's Automatic Discovery and Request for Discovery." The form indicated in paragraph 2 that "any relevant material or information regarding whether the State used a search and seizure, wire tap or eavesdrop in gathering evidence in this case is attached hereto." No such attachment is found in the record.

The state suggests that it was not necessary to make such an attachment because the appellant had already received this information in detail in the statement of charges received and signed for by the appellant on August 1, 1977. Appellant contends that the failure of the state to comply with Rule 741 within the period required would allow the appellant five days from the date upon which compliance occurred within which to file his written motion. As the state never complied, it is argued that the waiver found by the trial court never occurred.

Whether the state's printed form represented compliance with Rule 741 and what effect, if any, the failure by the state to comply would have on appellant's failure to do what is required by Rule 736 are interesting legal questions which we must defer to another time. Those issues were never raised

in the trial court and have not been preserved for review by this Court.

Rule 1085 states, "This Court will not ordinarily decide any point or question which does not plainly appear by the record to have been tried and decided by the lower court. . . ." The counterpart of that rule for the Court of Appeals is Rule 885 which states substantially the same proposition. Appellant in this case did not raise the issue below as to whether the state had complied with Rule 741 and what effect, if any, its failure to comply would have on the appellant's failure to follow Rule 736.

We do not feel constrained to review an issue which was not decided below. To adopt such a stance would amount to an encouragement for counsel to raise in this Court, for initial determination, matters which should be heard and determined in the first instance by the trial court.

As the Court of Appeals said in the recent case of *Covington v. State,* 282 Md. 540, 386 A. 2d 336 (1978), *aff'g,* 34 Md. App. 454, 367 A. 2d 974 (1977):

> "Covington's proper remedy is under the Maryland version of the Uniform Post Conviction Procedure Act, Maryland Code (1957, 1976 Repl. Vol., 1977 Cum. Supp.) Art. 27, §§ 645A-645J, originally passed in 1958 with the intent that there be brought together 'into one simple statute all the remedies, beyond those that are incident to the usual procedures of trial and review, which are at present available for challenging the validity of a sentence . . . .' *State v. D'Onofrio,* 221 Md. 20, 29, 155 A. 2d 643 (1959); *Brady v. State,* 222 Md. 442, 447, 160 A. 2d 912 (1960). We observed in *State v. Zimmerman,* 261 Md. 11, 273 A. 2d 156 (1971):
>
> > 'The public and the accused are entitled to speedy administration of justice. Memories fade with the passage of time. Therefore, the quest for truth and justice will best be served by the earliest possible determination of factual questions. For that

> reason it becomes important that orderly processes for those determinations be established and, once established, that there be adherence to those processes.' *Id.* at 24." *Id.* at 544.

We concur with Judge Smith's observation in *Covington, supra,* where it is stated, "Our insistence that an appellate court reach its conclusions with full information before it in no way deprives Covington of any rights. We believe it to be by far the sounder approach to the administration of justice." *Id.* at 545-46.

## III.

Appellant's final contentions are addressed to the testimony of the arresting detective and to the admission of evidence relating to the issue of probable cause. The record clearly indicates that the detective qualified as an expert in the field of narcotics investigation. His qualifications as stated in his testimony were an adequate basis for his opinion concerning the grade, type, weight and packaging of the marijuana recovered from the appellant. *See: Oberlin v. State,* 9 Md. App. 426, 265 A. 2d 275 (1970); *Mullaney v. State,* 5 Md. App. 248, 246 A. 2d 291 (1968), *cert. denied,* 252 Md. 732 (1969). Similarly, his testimony as to the shape of the bag carried by the appellant, and the fact that it appeared "heavy" was a permissible exposition of what the witness saw. *See: King v. State,* 36 Md. App. 124, 373 A. 2d 292 (1977).

The remaining complaint by appellant is somewhat peculiar. Although the trial court had indicated by his ruling that appellant had waived his right to contest the admissibility of the evidence seized without a warrant, the state continued to put its evidence of probable cause into the record without objection. The record clearly indicates that both defense counsel and the trial court were aware of this fact. Defense counsel actually based his argument on his motion for judgment of acquittal on the lack of probable

cause and the trial judge directed his response to that issue when he said:

> "First of all, in my prior ruling, the issue of probable cause is not properly before the court at this time because it was not properly raised when it should have been raised. But, for the record, so you will know how I feel, although I have not tried the issue of probable cause, there is no question in my mind that there was probable cause and everything this officer did was properly done. All of that sounds like good, technical argument, but in my opinion the law was absolutely complied with, and there was probable cause, there was a proper arrest, and everything was handled in a proper manner, although I don't have to make the ruling on probable cause at this time, and cannot do so because of my prior ruling where you did not raise the illegal search and seizure by the proper motions."

We agree with the trial court that the issue of probable cause was not properly before it at that time, and we also decline to rule on that issue. We believe that the appellant's remedy, if any, lies in the Post Conviction Procedure Act.

> *Judgment affirmed; costs to be paid by appellant.*