ANTHONY JONES *v.* STATE OF MARYLAND

[No. 747, September Term, 1978.]

*Decided April 16, 1979.*

The cause was argued before THOMPSON, WILNER and COUCH, JJ.

*Isaac S. Kershner, Assigned Public Defender,* for appellant.

*Deborah K. Handel, Assistant Attorney General,* with whom were *Francis Bill Burch, Attorney General,* and *Thomas E. Hickman, State's Attorney for Carroll County,* on the brief, for appellee.

THOMPSON, J., delivered the opinion of the Court.

Anthony Jones, the appellant, was convicted in the Circuit Court for Carroll County, Judge Edward O. Weant, Jr. presiding without a jury, of two counts of storehouse breaking and two counts of larceny. He received sentences of eight years on each of the storehouse breaking convictions and eighteen months on each of the larceny convictions. All of these sentences were to be served concurrently. He raises four questions for our determination:

1.  Did the court err in refusing to grant appellant a hearing on the motion to suppress evidence obtained in a warrantless search and seizure?

2.  Did the court err in admitting evidence obtained in a warrantless search and seizure?

3.  Did the court fail to comply with Md. Rule 735

before proceeding with a court trial on the merits?

4. Was the evidence sufficient to sustain appellant's convictions on two of the four counts?

## I & II

The essential question with respect to appellant's first two contentions is whether his failure to comply with Rule 736 was an effective waiver of his right to raise the illegal search and seizure issue. Rule 736 provides, in pertinent part, as follows:

"a. Mandatory Motions.

A motion asserting one of the following matters shall be filed in conformity with this Rule. Any such matter not raised in accordance with this Rule is waived, unless the court, for good cause shown, orders otherwise:

* * *

3. An unlawful search, seizure, interception of wire or oral communication, or pretrial identification;

* * *

b. Time for Filing Mandatory Motions.

A motion filed pursuant to section a of this Rule shall be filed within 30 days after the earlier of the appearance of counsel or the first appearance of the defendant before the court pursuant to Rule 723 (Appearance — Provision for or Waiver of Counsel), except when discovery is furnished on an issue which is the subject of the motion, then the motion may be filed within five days after the discovery is furnished."

Appellant appeared, initially, without counsel, on November 21, 1977. The court advised appellant of his right to counsel and of the availability of the Public Defender or

other court appointed counsel in the event that he was unable to afford private counsel. The court impressed upon appellant the seriousness of the charges and urged him to obtain counsel within fifteen days. Appellant filed a motion for discovery, in proper person, on February 1, 1978. The next day an assistant public defender entered his appearance on behalf of appellant. A motion to suppress illegally seized evidence was filed on February 24, 1978. The only indication in the record that the state complied with appellant's pro se request for discovery appears in its written response to the motion to suppress; there the state alleged that discovery had been furnished more than five days before February 24. The record shows no further proceeding with regard to the suppression motion until April 30, 1978. On that date, prior to commencement of the trial, the court denied the motion without a hearing. One basis for its ruling was the court's conclusion that the appellant had waived the issue by failing to comply with the time limits of Rule 736.

Appellant attacks this ruling from several directions. First, he points out that the thirty day period prescribed in the Rule is not applicable where discovery is furnished on an issue which is the subject of a motion to suppress. In that event, the motion may be filed within five days after discovery is furnished. Other than the State's allegation in its answer to the motion to suppress, nothing in the record indicates when discovery was furnished. Appellant argues that it was therefore impossible for the trial judge to conclude that the motion was not timely filed. We decline to consider this issue because it was not raised in the court below. Md. Rule 1085. *Kohr v. State,* 40 Md. App. 92, 103-04, 388 A. 2d 1242, *cert. denied,* 283 Md. 735 (1978). Although the State's answer to appellant's motion to suppress specifically alleged that discovery had been furnished more than five days before the filing of the motion, appellant did not at any time refer to the discovery issue in the lower court.

Appellant next contends that "to consider the period in which [he] was unrepresented by counsel in the computation of the period in [which] constitutional rights must be exercised deprived the appellant of his constitutional right to

effective and genuine representation of counsel and due process of law." The contention is completely without merit. All that appellant had to do in order to enjoy his right to counsel, was to heed the urging of the trial court at appellant's initial appearance. Appellant had ample opportunity either to employ his own counsel or to take advantage of the services of the Public Defender. He has made no contention either below or in this court that he was in any way prevented from obtaining counsel or that he was ignorant of his right to counsel.

Appellant further contends that because he was not apprised of the time requirements for filing a suppression motion "the record neither discloses nor supports the inference of an intentional relinquishment or abandonment of a known right or privilege." He relies on *Brookhart v. Janis,* 384 U. S. 1, 86 S. Ct. 1245, 16 L.Ed.2d 314 (1966) and *Johnson v. Zerbst,* 304 U. S. 458, 58 S. Ct. 1019, 82 L. Ed. 1461 (1938). In *Kohr v. State, supra,* we held that the standard announced in *Johnson v. Zerbst, supra,* is not applicable to the waiver of a right to have evidence suppressed on Fourth Amendment grounds. In *Kohr,* we considered and rejected a contention very similar to that which appellant makes here. We there said:

> "Appellant urges that the burden is on the state to show, on the record, that the defendant alleged to have waived a constitutional right has made a knowing and intelligent waiver. *Johnson v. Zerbst,* 304 U. S. 458, 58 S. Ct. 1019, 82 L.Ed. 1461 (1938). While this is correct concerning the waiver of a number of rights, it does not apply to a failure to object affirmatively to the admission of evidence by way of a pre-trial motion. In the case of a Fourth Amendment claim it is the defendant who must initially object to evidence which he believes was illegally obtained. A failure to object by way of a pre-trial motion, where required by the Rules, has been held to be an effective waiver of Fourth Amendment rights. *See: United States v. Sisca,* 503

F. 2d 1337 (2d Cir. 1974), *cert. denied,* 419 U. S. 1008."
(Footnote omitted.) 40 Md. App. at 99-100.

Under the circumstances of this case the absence of counsel was no bar to the operation of the rule. As we pointed out above, appellant was urged by the court at his initial appearance to obtain counsel within fifteen days, either privately or through the offices of the Public Defender. So far as this record reveals, the failure of defendant to obtain counsel until more than two months after his initial appearance was due to nothing other than his own inaction. He has offered no explanation, either below or on appeal, for his procrastination.

The requirements of Rule 736 are not entirely inflexible. Even where a defendant fails to comply with its provisions, the court may, upon a showing of good cause, order that the right to raise the issue of an illegal search and seizure has not been waived. Appellant argues that in the present case he was denied due process of law because the court failed to inquire on its own initiative whether there was good cause for the delay in securing counsel and the delay in filing the motion. Nothing in the due process clause of the United States Constitution [1] and nothing in Rule 736 requires the court to make such an inquiry. Just as the appellant had the responsibility to raise on his own initiative the motion to suppress, he likewise had the responsibility to show good cause, if any existed, for his failure to comply with the requirements of Rule 736.

We find no error in the trial court's ruling that appellant waived his right to raise the issue of an unlawful search and seizure. It is therefore not necessary for us to consider appellant's second major contention that the admission of evidence obtained in a warrantless search and seizure was reversible error.[2]

---

1. *See* Rakas v. Illinois, 439 U. S. 128, 99 S. Ct. 421, 58 L.Ed.2d 387 (1978), note 1.

2. We do note, however, as a passenger in the car the appellant would lack standing to complain under Rakas v. Illinois, 439 U. S. 128, 99 S. Ct. 421, 58 L.Ed.2d 387 (1978).

## III

Appellant contends that his election of a court trial was not made with full knowledge of the right to a jury trial as required by Md. Rule 735. The rule provides that an election of a court or jury trial shall be made in writing and signed by the defendant. Section b of Rule 735 sets out a form for this purpose. A defendant reading that form would be apprised of his right to a jury trial, that a jury consists of twelve persons, and that in order to be convicted in a jury trial all twelve jurors must find a defendant guilty beyond a reasonable doubt. Section d of Rule 735 provides as follows:

"If the defendant elects to be tried by the court, the trial of the case on its merits before the court may not proceed until the court determines, after inquiry *of the defendant* on the record, that the defendant has made his election for a court trial with full knowledge of his right to a jury trial and that he has knowingly and voluntarily waived the right. If the court determines otherwise, it shall give the defendant another election pursuant to this Rule." (Emphasis added.)

In the present case no written election was filed pursuant to Section b of the Rule. Prior to the commencement of trial, the following exchange took place in open court between appellant and his counsel:

"Mr. Levin: Your Honor, we would waive the reading of the criminal information in case number 4620.

Mr. Jones, I've advised you, sir, that these are serious charges and you do have the right to a jury trial in this matter. Do you understand that?

The Defendant: I understand.

Mr. Levin: You have to speak up so —

The Defendant: I understand.

Mr. Levin: Do you understand what the jury trial is?

The Defendant: I understand.

Mr. Levin: Okay. You indicated to me earlier and you've indicated to the Court that you do not wish to have a jury trial. Is that still your desire?

The Defendant: That's right.

Mr. Levin: And you've indicated to me that you wish to have this case tried before the Court sitting without a jury? That's still your desire?

The Defendant: That's true.

Mr. Levin: We are ready to proceed, Your Honor.

The Court: The plea is not guilty to all —

Mr. Levin: Not guilty to all nine counts of the charging document, case number 4620.

The Court: Okay."

Appellant argues that this election was not made with "full knowledge" of his right to a jury trial because he was not informed of the basic elements of a jury trial as described in the form contained in Section b of the Rule. This argument may be answered by reference to our recent decision in *Fairbanks v. State,* 42 Md. App. 15, 398 A. 2d 814 (1979). The facts of the present case are almost indistinguishable from those of *Fairbanks.* There, Fairbanks' attorney merely asserted that his client understood what a jury trial was, that he had an absolute right to have a jury trial, and that he wished to waive that right and be tried by the court. When asked whether that recital was correct, Fairbanks replied in the affirmative. On those facts we held that there had been compliance with Rule 735. Consistency with our decision in *Fairbanks, supra,* dictates that we reject appellant's argument on this issue.

## IV

Appellant finally contends that the evidence was insufficient to sustain his convictions on two of the counts with which he was charged. The evidence showed the following chronology of events.

On September 15, 1977, at approximately 5:30 p.m., a Mr. Dorsey Brockington, entered a "High's" store in

Westminster Shopping Center. Brockington engaged the store clerk in a conversation and a few minutes later another individual entered the store and ordered an ice cream cone. On cross-examination, the store clerk gave some indication that this second person was the appellant.[3] At approximately 6:00 p.m. another employee came into the store and went into the back room where it was discovered that the back door was open and that a safe had been broken into and that a bag of coins was missing. At approximately 6:20 p.m., a Mr. Zeiler saw two males loading cases of cigarettes into the trunk of a Cadillac automobile behind a "Pantry Pride" store in Westminster. Zeiler also observed a third person, identified as the appellant, seated in the automobile. Mr. Zeiler notified the police of his observations and a "lookout" call went out for the vehicle. At approximately 6:30 p.m. the Cadillac was detained by the police at a gas station in Westminster and the occupants, including appellant, were arrested for possession of marijuana. Mr. Zeiler was brought to the scene of the arrest and identified the automobile and the occupants, including appellant, as those whom he had seen at the Pantry Pride. The automobile was then towed to the police barracks where it arrived at 7:18 p.m. The trunk was opened and both the cigarettes and the money stolen from the High's store were found therein.

Appellant was found guilty of one count of storehouse breaking and one count of larceny in connection with each incident. It is with respect to the convictions based on the High's theft that he now argues the evidence was insufficient to establish his criminal agency. We think the evidence was clearly sufficient to permit the application of the rule that when one is found in the unexplained possession of recently stolen goods an inference may arise that he is the thief. Under the circumstances of this case the occupants of the automobile may be considered as being in joint possession of articles found in the trunk. The stolen coins were found in the trunk of the car in which appellant was riding within an hour

---

3. Appellant contends the trial court conceded that the clerk did not identify him and that the judge dissuaded defense counsel from pursuing the question of identification on cross-examination. We think counsel misreads the record.

of the High's theft and this is obviously "recent" possession. We have no difficulty in concluding that the evidence was sufficient to establish appellant's criminal agency with respect to the High's incident. *Hale v. State,* 5 Md. App. 205, 245 A. 2d 908 (1968) and *Bury v. State,* 2 Md. App. 674, 236 A. 2d 751, *cert. denied,* 249 Md. 731 (1968) are directly in point and dictate this conclusion.

*Judgments affirmed.*
*Appellant to pay the costs.*