Dear Senator Van Hollen:
You have requested an opinion concerning the process by which the District Court of Maryland may increase its fees. More specifically, you note that other state courts must obtain the approval of the Board of Public Works to set fees and ask if the District Court is exempt from this requirement.
In our opinion, the District Court is not required to obtain approval of the Board of Public Works to set fees.
 I Background
Your request was prompted by inquiries received by the AELR Committee after the promulgation of revised fee schedules for Maryland state courts. The Chief Judge of the District Court recently amended District Court Administrative Regulation XIX to revise the fee schedule for the District Court. At the same time, the State Court Administrator issued a revised schedule of fees for the circuit courts that had been approved by the Board of Public Works. At the direction of the Chief Judge of the Court of Appeals, the State Court Administrator published both revisions in the Maryland Register. See Administrative Memorandum 98-3, 25-14Maryland Register 1111, 1114-16 (July 2, 1998).
 II Determination of Court Fees
A. Statutes
The process for determining the fees charged by the state courts is set forth in Title 7 of the Courts and Judicial Proceedings Article, Maryland Code ("CJ"). The statutes charge the State Court Administrator with the responsibility to set fees for both the appellate courts and the circuit courts, subject to the approval of the Board of Public Works. With respect to the circuit courts, CJ, § 7-202(a)(1) provides:
 The State Court Administrator shall determine the amount of all court costs and charges for the circuit courts of the counties with the approval of the Board of Public Works. The fees and charges shall be uniform throughout the State.
(emphasis added).[1] Similarly, with respect to the Court of Appeals and Court of Special Appeals, CJ, § 7-102 provides:
 The State Court Administrator shall determine the amount of fees to be charged by the Clerk of the Court of Appeals and the Clerk of the Court of Special Appeals, with the approval of the Board of Public Works.
(emphasis added)[2]. Thus, the fee schedules in both the appellate and circuit courts are subject to approval by the Board of Public Works.
By contrast, the statute governing fees for civil cases in the District Court does not refer to the Board of Public Works. In particular, CJ, § 7-301(c)(1) states:
 The filing fees and costs in civil cases are those prescribed by law subject to modification by law, rule, or administrative regulation.
The Chief Judge of the District Court, who has responsibility for the maintenance, administration, and operation of the court, is authorized to promulgate administrative regulations for the District Court "subject to and not inconsistent with the rules of the Court of Appeals." CJ, § 1-605(b). In a similar vein, the Maryland Constitution declares that this power to adopt administrative rules "shall be subject to the rules and regulations adopted by the Court of Appeals or otherwise by law." Maryland Constitution, Art. IV, § 18(a).
The Chief Judge of the District Court has had the authority to issue regulations and set fees since shortly after the creation of the District Court almost thirty years ago[3]. The first regulation setting a fee schedule was issued in 1971. That schedule has been revised periodically without Board of Public Works approval.
Thus, costs for civil cases in the District Court may be amended by statute, rule, or administrative regulation. While the Court of Appeals has not adopted any rules that modify the amount of the fees applicable to civil cases in the District Court, the General Assembly has enacted legislation affecting the District Court fee schedule. Indeed, some of the recent amendments to the fee schedule of the District Court were designed to include a surcharge imposed by recent legislation for the benefit of the Maryland Legal Services Corporation. See Chapter 765, Laws of Maryland 1998 (amending CJ, § 7-301(c)(2)). Of course, the administrative regulations setting fees, like any court rule or regulation, must not offend the State or federal constitutions.See Whitaker v. Prince George's County, 307 Md. 368, 375-77,514 A.2d 4 (1986); Kohr v. State, 40 Md. App. 92, 96-97, 388 A.2d 1242
(1978).
B. Process
The statutes governing court fees do not specify any particular procedures for setting the fee schedules. The Judicial Branch is exempt from the portion of the Administrative Procedure Act that sets forth the procedures for promulgation of administrative regulations by Executive Branch agencies. Maryland Code, State Government Article ("SG"), § 10-102(b)(2).
In practice, the Chief Judge of the District Court and the State Court Administrator follow similar processes. Both rely on recommendations from the clerks of court to assess how the revenues from fees relate to the expenses of rendering the services. They also consider suggestions by judges, bar associations, and other organizations interested in the fees. Pursuant to statutory authorization, the fee schedules are published in the Maryland Register. See
SG, § 7-206(a)(2)(v), (vii), 7-222. The only significant difference is that the State Court Administrator obtains approval of the Board of Public Works, while the Chief Judge of the District Court does not.
 III Conclusion
In our opinion, the Chief Judge of the District Court is authorized to revise the schedule of fees applicable to civil cases in the District Court by administrative regulation without seeking the approval of the Board of Public Works. However, the fee schedule must be consistent with any applicable rules issued by the Court of Appeals or legislation passed by the General Assembly. The law does not currently mandate any specific process for the issuance of such regulations.
Very truly yours,
 J. Joseph Curran, Jr. Attorney General
Julia M. Freit Assistant Attorney General ________________________ Robert N. McDonald Chief Counsel Opinions Advice
[1] This provision was added in 1975 to replace a list of statutorily prescribed fees. Chapter 548, § 1, Laws of Maryland 1975. At that time, clerks' offices of the circuit courts were funded by fees. This provision was apparently added to permit greater flexibility in increasing fees to offset the effects of inflation. Following a 1986 amendment of the State Constitution, the clerks' offices were funded through the State budget and the fees collected by the clerks became State revenues, unless otherwise specified by law. Chapter 722, Laws of Maryland 1986; Maryland Constitution, Article IV, § 10.
[2] This provision was added in 1976 to replace a list of statutorily prescribed fees. Chapter 523, Laws of Maryland 1976. As with the circuit courts, the purpose appeared to be to allow greater flexibility in setting fees to offset inflation.
[3] Chapter 528 of the Laws of Maryland, 1970 (then codified at Maryland Code, Article 26, § 143(b)) authorized the Chief Judge to issue rules for the administration of the court. Chapter 423, § 9, Laws of Maryland 1971 specified that the court's fees "shall be those now prescribed by law, subject to modification by law or by Rule"(then codified at Article 26, § 150A(c)). In 1975, both provisions were amended to include the term "administrative regulations." Chapter 10, § 1, Laws of Maryland 1975. This change in nomenclature helps differentiate between rules adopted by the Court of Appeals and administrative regulations issued by a chief judge.
 *Page 80