BRUCE LEONARD FISHER *v.* STATE OF MARYLAND

[No. 1097, September Term, 1978.]

*Decided May 11, 1979.*

Judgment reversed. Case remanded for retrial. Costs to be paid by Anne Arundel County.

Submitted by *Alan H. Murrell, Public Defender,* and *George E. Burns, Jr., Assistant Public Defender,* for appellant.

Submitted by *Stephen H. Sachs, Attorney General, Ray E. Stokes, Assistant Attorney General, Warren B. Duckett, Jr., State's Attorney for Anne Arundel County,* and *R. David Fordham, Assistant State's Attorney for Anne Arundel County,* for appellee.

LOWE, J., delivered the opinion of the Court.

Appellant was convicted by and in the Circuit Court for Anne Arundel County of escape. He contends that his right to a jury trial was not knowingly and voluntarily waived so far as is ascertainable from the record; that the record does not disclose a waiver of his fifth amendment right to silence; and that the judge did not properly evaluate his defense of necessity.

— jury trial waiver —

Appellant correctly contends that the colloquy before the court with his counsel did not constitute a knowing and intelligent waiver of a jury trial pursuant to Md. Rule 735 d.

> "MR. COCHRAN [Defense Attorney]: Furthermore, Mr. Fisher, we are, by going ahead with this system in front of Judge Goudy, we are waiving our right to a jury trial. Do you understand that?
>
> DEFENDANT: Yes, sir.
>
> MR. COCHRAN: Is that okay with you, Sir?
>
> DEFENDANT: Yes, sir.
>
> MR. COCHRAN: Alright. Very well.
>
> COURT: Alright. The Defendant was arraigned on September 11th. He's plead not guilty.
>
> MR. COCHRAN: We waiver [sic] our right to a jury trial, your Honor, and we'll go on a Statement of Facts and we will prevent — present a defense.
>
> COURT: Proceed."

It is not necessary that the inquiry be conducted by the trial judge personally, only that it be responded to affirmatively by appellant personally; *Fairbanks v. State,* 42 Md. App. 15 (1979); *Jones v. State,* 42 Md. App. 209 (1979); nor is it necessary to spell out the various aspects of a jury trial, such as the fact that all jurors must be convinced beyond a reasonable doubt before he can be convicted. It is sufficient that the record affirmatively indicates that the defendant

knew that a jury trial was available; however, he must also understand the general nature of a jury trial when he elects to be tried by the court. *Harris v. State,* 42 Md. App. 248 (1979).

While it is clear that appellant knew that a jury trial was available, and he was waiving it, there is no evidence of record that he did so "with full knowledge" of it as required by Md. Rule 735 d. The record does not show that he understood that which he was waiving, *i.e.,* "the general nature of a jury trial" *Harris, supra,* at 252-53. We must reserve, and remand for retrial. Because the other two issues raised by appellant may arise upon retrial, we will address them briefly.

— necessity —

Appellant testified that he escaped because he feared being beaten and stabbed. Appellant contends that:

> "Clearly, such a danger must excuse a non-violent escape (departure)."

The foundation is faulty to begin with. It presupposes a binding conclusion upon a factfinder from the testimony of a defendant. If such were the case, no escapee could be convicted if he but expressed such fear.

The trial judge responded to appellant's argument by addressing the defense of "duress" and concluding that insufficient circumstances existed to justify an escape. Appellant contends now that the judge should have weighed the evidence in light of a necessity defense, *i.e.,* that "the literal words of the law may be violated to avoid a greater harm." But even assuming the availability of such defense, it is an excuse permissibly applied by a factfinder, not mandated upon him. Whatever words the judge felt appropriate to respond to appellant's argument, we must assume he was aware of the permissible defenses available. *See Samson v. State,* 27 Md. App. 326, 334 (1975). That he did not excuse the prisoner indicates only that he was not evidentiarily satisfied that the facts warranted an escape. Furthermore, that appellant did not address necessity in his

argument, even when asked "... do you want to argue any further?", precludes his right to raise the issue on appeal. Md. Rule 1085. An appellant may not dream up legal theories of defense after the case is concluded, then charge a trial judge with failure to address the facts in light of the new theory espoused.

— the right not to speak —

When the time came for appellant to testify, he was advised on the record by his counsel of his right to decline without prejudicial effect and of the consequences if he elected to speak. When asked if he understood these rights and consequences, he responded in the affirmative.

He was then asked:

> "Do you wish, under those circumstances, to remain silent, or tell your side of the story?"

The record does not relate an understandable response.

> "DEFENDANT: (Unintelligible)".

This, he now contends, is a deficient record of a valid waiver; without an affirmative showing in the record, no valid waiver may be presumed.

The record does demonstrate a valid waiver. After an adequate recitation of rights and consequences which appellant expressly understood, he was given the choice of remaining silent or telling his side of the story. By choosing the latter, he affirmatively waived his known right to silence. The act of voluntarily testifying in chief needs no waiver; it is sufficient waiver in itself. *State v. McKenzie,* 17 Md. App. 563, 576, *et seq.* (1973).

The irony of the limitations upon the "right" to testify as contrasted to its counterpart, the right to remain silent, was interestingly explained, historically and conceptually, by Judge Moylan in *McKenzie, supra,* an excerpt from which will suffice for our purposes here:

> "The act of voluntarily testifying in chief needs no waiver. The act of voluntarily testifying in chief is itself sufficient waiver with respect to subsequent

cross-examination. That the decision to take the stand in one's own defense needs no waiver as a condition precedent is more easily grasped when it is firmly remembered that what is involved is not a negative right 'not to testify' but rather an affirmative right 'to testify'. It is a nuance, perhaps, but a crucial one conceptually. The right to testify is not constitutional, but statutory. At the common law, all criminal defendants were absolutely incompetent and were barred from testifying as witnesses at their own trials. The statutory right 'to testify' came late and came slowly. Only the great reform movement of the Nineteenth Century, championed by Jeremy Bentham and Sir James Fitzjames Stephen, brought the gradual amelioration from this harsh testimonial disqualification. Maryland 357 of the Acts of 1876. Before that, he was absolutely barred. To avail oneself of the long-sought and hard-won right to testify involves the affirmative exercise of an active privilege, not the negative waiver of a passive protection." *Id.* at 576-577 (footnotes omitted).

We add that a defendant faced with any deprivation of his liberty deserves the same attention to detail, regardless of the comparative import of the case.

> *Judgment reversed.*
> *Case remanded for retrial.*
> *Costs to be paid by Anne Arundel County.*