WOLL v ATTORNEY GENERAL

Docket No. 43779. Submitted June 3, 1980, at Detroit.—Decided
September 2, 1980. Leave to appeal applied for.

Arthur S. Woll was indicted by the Wayne County Citizens Grand
Jury on charges of solicitation of personal injury claims and
obstruction of justice. The State Bar Grievance Board subse-
quently issued and served the Attorney General with a sub-
poena *duces tecum* requiring the production of all grand jury
records concerning the charges and indictment of the pe-
titioner. The Attorney General moved for instructions regard-
ing compliance with the subpoena and was ordered to turn over
all the materials sought by the Board. Petitioner moved to set
aside this order, which motion was denied, Wayne Circuit
Court, John D. O'Hair, J.

Thereafter, the Board filed a formal complaint against the
petitioner who, following negotiations with the Board, pled no
contest to one count of soliciting. The Board entered an order of
discipline against him without using the subpoenaed materials.
Petitioner appeals the order of the circuit court. *Held:*

The formal complaint against petitioner was based on the
same charges for which he was indicted. The particularized
need of the Board for the grand jury material was apparent
and no further showing of need was required. The material is
not subject to the statutory secrecy provisions pertaining to
grand jury evidence since it comes within the exception apply-
ing to communications between prosecuting officers for the
purpose of reviewing such evidence for prospective prosecution
or for any other purpose involving the execution of a public
duty.

Affirmed.

1. ATTORNEY AND CLIENT — ATTORNEY GRIEVANCE COMMISSION —
RESPONSIBILITIES.

The Attorney Grievance Commission is charged with the respon-
sibility of supervising and policing the conduct of attorneys.

REFERENCES FOR POINTS IN HEADNOTES'
[1-6] 7 Am Jur 2d (Rev), Attorneys at Law § 30.
[2, 5] 38 Am Jur 2d, Grand Jury § 41.
    81 Am Jur 2d, Witnesses §§ 14-16.

2. Grand Jury — Attorney Grievance Commission — Secrecy Provisions — Exceptions — Statutes.

Grand jury material which is the subject of a subpoena *duces tecum* issued by the Attorney Grievance Commission to a prosecuting officer is not subject to statutory secrecy provisions pertaining to such material since it comes within the statutory exception applying to communications between prosecuting officers for the purpose of reviewing such evidence for prospective prosecution or for any other purpose involving the execution of a public duty (MCL 767.19f; MSA 28.959[6]).

3. Attorney and Client — Attorney Grievance Commission — Role — Court Rules.

The Attorney Grievance Commission is the prosecution arm of the Supreme Court for the discharge of its constitutional responsibility to supervise and discipline the members of the State Bar of Michigan pursuant to court rule (GCR 1963, 957.1).

4. Prosecuting Attorneys — Attorney Grievance Commission — Grievance Administrator — Assistance in Investigation — Court Rules.

The Grievance Administrator may request, pursuant to court rule, any law enforcement office to assist in an investigation of an attorney by furnishing all available information about an attorney named in a request for investigation or complaint (GCR 1963, 963.2).

5. Attorney and Client — Attorney Grievance Commission — Subpoena Power — Court Rule.

The Attorney Grievance Commission is granted subpoena power pursuant to court rule (GCR 1963, 963.3).

6. Attorney and Client — State Bar — Law Enforcement Officers — Aid in Investigation — Statutes.

It is the duty of all state, county, and city law enforcement officers to aid the State Bar of Michigan in any investigation of the conduct of members of the bar pursuant to statute (MCL 600.949; MSA 27A.949).

*Jules B. Olsman,* for petitioner.

*Louis Rosenzweig,* for respondent Grievance Administrator.

*Frank J. Kelley,* Attorney General, *Robert A.*

*Derengoski,* Solicitor General, and *Thomas L. Casey,* Assistant Attorney General, for respondent Attorney General.

Before: R. M. MAHER, P.J., and BRONSON and T. C. QUINN,* JJ.

T. C. QUINN, J. Petitioner appeals from a circuit court order denying his motion to set aside a previous order of that court permitting the transfer of grand jury transcripts and exhibits to the State Bar Grievance Board. The following facts are pertinent to an understanding of this litigation.

On April 29, 1976, petitioner was indicted by the Wayne County Citizens Grand Jury on charges of solicitation of personal injury claims and for obstruction of justice. On July 30, 1976, the Attorney General was served by the State Bar Grievance Board with a subpoena *duces tecum,* requiring the production of all records concerning the charges in the indictment against petitioner. On August 10, 1976, the Attorney General moved in Wayne Circuit Court for instructions regarding compliance with the subpoena. The hearing on this motion was attended by an assistant attorney general and counsel for the Board. Petitioner was not notified of this hearing. On November 23, 1976, the circuit judge entered an order requiring the Attorney General to turn over the materials sought by the subpoena to the Board.

Thereafter, a formal complaint was filed against petitioner by the State Bar Grievance Board. As a result of negotiations between the Grievance Administrator and petitioner, the latter pled no contest to one count of soliciting. On September 27,

---

* Former Court of Appeals Judge, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

1978, an order of discipline was entered against Mr. Woll, without the materials obtained by the subpoena.

The Grievance Administrator contends that this appeal is moot, and it may be. However, as the case involves an issue of importance to the ability of the State Bar to govern its members, a decision on broader grounds is required.

Attorneys are central to our system of justice. Their conduct is important to appropriate administration of justice and to the confidence that the public has in the courts. The State Bar Grievance Board is charged with the responsibility of supervising and policing the conduct of attorneys. The Supreme Court and the Legislature have recognized this responsibility in the rules and statutes hereinafter noted.

The grand jury material obtained by the subpoena is not subject to the secrecy provisions of MCL 767.19f; MSA 28.959(6), as petitioner contends. It comes within the exception:

"* * *. The provisions of this section respecting secrecy shall not apply to communications between prosecuting officers for the purpose of * * * reviewing evidence presented to the grand jury for prospective prosecution or *for any other purpose involving the execution of a public duty."*

Grievance Rule 16, now GCR 1963, 957.1, created the State Bar Grievance Board as "the prosecution arm of the Supreme Court for the discharge of its constitutional responsibility to supervise and discipline the members of the State Bar of Michigan."

Grievance Rule 16.26, now GCR 1963, 963.2 provides:

"The Administrator may request a law enforcement office to assist in an investigation by furnishing all available information about the respondent."

By Grievance Rule 16.24, now GCR 1963, 963.3, the State Bar Grievance Board (now Attorney Grievance Commission) is granted subpoena power. MCL 600.949; MSA 27A.949, makes it the duty of all state, county, and city law enforcement officers to aid the State Bar of Michigan in any investigation of the conduct of members of the bar.

The formal complaint against petitioner was based on the same charges for which he had been indicted. The particularized need of the State Bar Grievance Board for the grand jury material was apparent. Petitioner's argument that some further showing of need was required before the circuit court is unconvincing.

Affirmed.